County of Cook, a Body Politic and Corporate, and
John B. Hall M.D., M.P.H., Director of Cook
County Department of Public Health, Appellants,
v. Triem Steel & Processing, Inc., et al., Appellees.

Gen. No. 47,361.

First District, First Division.
September 29, 1958.
Released for publication October 23, 1958.

Benjamin S. Adamowski, State's Attorney (Francis
X. Riley, Robert W. Scherman, Assistant State's
Attorneys, of counsel) for plaintiffs-appellants.

Klein and Thorpe, of Chicago (Franklin W. Klein
and Constantine D. Kasson, of counsel) for appellees.

JUSTICE ROBSON delivered the opinion of the court.

This is an appeal from a decree denying injunctive relief as prayed in plaintiffs' complaint, as amended, but imposing by reservation certain restrictions on the operation of a garbage dump by the defendants. Plaintiffs are the County of Cook and John B. Hall, director of the Cook County Department of Public Health. Defendants are Triem Steel & Processing, Inc., a corporation, which occupies the premises upon which the garbage dump is located, and Leonard Triem and Thelma Triem, who hold title to the property as joint tenants.

The complaint, as amended, sought to enjoin the operation of a garbage dump on defendants' property, which is located in Bloom Township, Cook County, Illinois, within one mile of the municipality of Chicago Heights. It alleged that the garbage dump was a public nuisance, that it violated paragraph 466a of chapter 38 of the Criminal Code pertaining to dumping garbage, and that its operation was prohibited by the Cook County Zoning Ordinance. The cause was referred to a master who heard the testimony of the witnesses for both sides and submitted a report finding that all of the material allegations of the complaint, as amended, were supported by the proofs and recommending permanent injunctive relief as prayed in the complaint. Defendants, whose answer had denied all the material allegations of the complaint, except the ownership of the property and the operation of a garbage dump thereon, filed exceptions to the report of the master. These were overruled and allowed to stand as exceptions. The chancellor, after a hearing, entered a decree sustaining defendants' exceptions to the master's report and denying plaintiffs' prayer for injunction with certain reservations

127

regulating the manner in which the garbage dump was to be operated thereafter.

The decree found that the use of the premises as a garbage dump continuously since prior to the adoption of the zoning ordinance in 1940, constituted a nonconforming use and was not, therefore, a violation of Section 16 of the Cook County Zoning Ordinance. Neither the report of the master nor the decree of the chancellor make reference to paragraph 466a of chapter 38 of the Criminal Code. On appeal, plaintiffs contend that because of the provision of the Criminal Code the operation of the dump was at all times illegal and that the finding by the chancellor that there was a nonconforming use was therefore erroneous. Defendants do not deny that if the provision of the Criminal Code applied plaintiffs' contention would be correct, but they insist that a proper construction of the statute renders it inapplicable in the instant case.

The statute, as it was prior to the time defendants started dumping garbage, and also prior to the adoption of the Cook County Zoning Ordinance, reads as follows (Ill. Rev. Stat. 1955, ch. 38, par. 466a):

"It is unlawful for any person to dump or place any garbage or other offensive substance within the corporate limits of any city, village or incorporated town other than the city, village or incorporated town within the corporate limits of which, such garbage or other offensive substance shall have originated, *nor shall any such garbage or other offensive substance be dumped or placed within a distance of one mile of the corporate limits of any other city, village or incorporated town.*

"Any person violating any provision of this section is guilty of a misdemeanor and upon conviction shall be fined not less than one hundred ($100.00) dollars nor more than five hundred ($500.00) dollars." (Emphasis ours.)

128

Defendants argue that the meaning of the portion of the statute which we have underscored is that garbage originating within a city or village cannot be dumped within that city or village if the place of dumping within the city or village is within one mile of any other city or village. Therefore, that portion of the statute does not apply because defendants' place of dumping is not within any municipality but is outside of a municipality though within one mile of it. Such a construction requires much greater mental gymnastics than we are able to perform. The clear import of the statute is just what it says. The underscored portion of the statute prohibits the dumping of garbage within one mile of any corporate limits. The statute then makes an exception and permits the dumping of garbage in an area of one mile outside of the corporate limits of a municipality provided the garbage originated within the corporate limits of such municipality.

██ It is a fundamental principle of statutory construction that the court must consider not only the language used by the legislature, but the evil which the use of the language seeks to remedy. Steller v. Miles, 17 Ill.App.2d 435 (1958). The purpose of the statute was to protect the health and welfare of the public by controlling the dumping of garbage or other offensive substance. To conclude, as defendants urge, that the legislature sought only to prevent garbage of urban origin from being placed within a mile of corporate limits within which it did not originate would defeat the general purpose of the statute.

 For this reason we conclude that the operation of a garbage dump within one mile of the municipality of Chicago Heights was illegal. An illegal use cannot be a nonconforming use. The Law of Municipal Corporations by McQuillin, vol. 8, secs. 25.180 and 25.181 at pp. 464–469.

129

The decree of the trial court is reversed and the cause is remanded with directions to grant the relief prayed for by plaintiffs in the complaint, as amended.

Decree reversed and cause remanded with directions.

McCORMICK, P. J. and SCHWARTZ, J., concur.