Thomas J. Downs, as Administrator of the Estate of Lorraine Tharpe, Deceased, Appellant, v. Exchange National Bank of Chicago, John A. Roiter and Ruth Roiter, Appellees.

Gen. No. 47,753.

First District, First Division.

November 30, 1959.

Released for publication February 9, 1960.

Arthur S. Gomberg, of Chicago (Samuel Nineberg, of counsel) for appellant.

Tenney, Sherman, Bentley, and Guthrie, of Chicago (Kenneth B. Hawkins and Stephen J. Nagy, of counsel) for defendants.

JUSTICE McCORMICK delivered the opinion of the court.

This appeal involves an interpretation of section 43(2) of rule 1 of the Rules of the Municipal Court of Chicago, which is identical with section 43(2) of the Civil Practice Act (Ill. Rev. Stat. chap. 110, sec. 43(2)) permitting pleading in the alternative.

The case originated in an accident to the decedent, Lorraine Tharpe, who on December 12, 1957, was a tenant in the premises owned by the defendants in the City of Chicago. While walking up the front stairway to the second floor she fell and sustained injuries. She died on February 17, 1958. The instant suit was filed by Thomas J. Downs, as administrator of her estate, against the Exchange National Bank of Chicago, John A. Roiter and Ruth Roiter, defendants.

The suit was filed in two counts. In the second amended statement of claim, count one'sets out the necessary material allegations concerning possession of the building by the defendants, due care of plaintiff, negligence of the defendants, etc., and alleged further that as a direct and proximate result of the occurrence on December 12, 1957, the decedent sustained serious injuries and was hindered and delayed in her occupation and that she died on February 17, 1958, and the administrator of her estate sues for these injuries in his representative capacity. As an alternative cause of action, in count two the same necessary material alle-

gations are set out except that in that count it was alleged that the injuries sustained by the decedent on December 12, 1957, resulted in her death on February 17, 1958, and that her heirs at law and next of kin sustained pecuniary damages by reason of the wrongful death.

The defendants moved to dismiss the second amended statement of claim on the grounds that it set forth counts both predicated upon the same alleged negligent acts, count one being brought for pain, anguish and loss of earnings suffered by the decedent from the date of the accident to the time of her death, which is a cause of action allowed under the Survival Act (Ill. Rev. Stat. chap. 3, par. 494), and count two being brought for the next of kin for pecuniary loss under the Wrongful Death Act (Ill. Rev. Stat. chap. 70, par. 2). The motion further states: "Under Illinois law only one recovery is permissible and such inconsistent allegations are not allowed." The trial court on January 21, 1959, entered an order dismissing the plaintiff's second amended statement of claim and also dismissing the suit.

 It has been the law in Illinois since the case of Holton v. Daly, 106 Ill. 131, that where the death is caused by the misfeasance of the defendant there can only be one recovery for the entire loss and damage.

Subparagraph (2) of section 43 of the Civil Practice Act provides:

"When a party is in doubt as to which of two or more statements of fact is true, he may, regardless of consistency, state them in the alternative or hypothetically in the same or different counts or defenses, whether legal or equitable. A bad alternative does not affect a good one."

This court recently had occasion to consider the right of a plaintiff to plead inconsistent legal theories in dif-

26

ferent counts. In Urnest v. Sabre Metal Products, Inc., 22 Ill.App.2d 172, the court said:

"The allegations in count two are inconsistent with and contradictory of the allegations of count one; however, such pleading is permitted under section 43(2) of the Civil Practice Act (Ill. Rev. Stat. 1957, chap. 110, par. 43(2)). Freeman & Co. v. Regan Co., 332 Ill. App. 637. The theory is that on the trial the proof will determine on which set of facts, if any, the plaintiff is entitled to recover. Where the pleading is in the alternative in different counts, each count stands alone and the inconsistent statements contained in a count cannot be used to contradict statements in another count. The intent of the cited section of the Practice Act is that counts can be pleaded in the alternative regardless of consistency."

In Swift & Co. v. Dollahan, 2 Ill.App.2d 574, it was held that the trial court properly submitted both counts of a two-count complaint to the jury where the first count was based on a written promissory note and the second count was brought against the same defendants based on an oral promise to pay the same amount.

The most recent case was one before the Appellate Court for the Third District (McCormick v. Kopmann, et al., 23 Ill.App.2d 189). One count was brought by the plaintiff as administratrix against Kopmann under the Wrongful Death Act. Another count was brought by the plaintiff as administratrix against Huls, et al., under the Illinois Dram Shop Act. In the first count the plaintiff alleged that the decedent was not guilty of contributory negligence. The other count was pleaded in the alternative and alleged that the Hulses sold the decedent alcoholic beverages rendering him intoxicated, and that as a result of such intoxication he drove his automobile in such a manner as to cause a collision with a vehicle driven by Kopmann. Kopmann moved to dismiss the complaint

27

on the theory that the allegations in the two counts were repugnant since McCormick could not be free from contributory negligence, as alleged in one count, if his intoxication caused the accident as alleged in the other count. The motion was denied and the same defenses were raised in the answer. Both counts came on for trial at the same time. At the trial the jury was instructed that the counts were in the alternative, that the Illinois law permits a party who is uncertain as to which statement of fact is true to plead them in the alternative, and that it is for the jury to determine the facts. The jury returned a verdict against Kopmann under the one count and found the Hulses not guilty under the other count.

In his appeal Kopmann's first contention is that the trial court erred in denying the pretrial motion to dismiss the complaint. The court holds that the complaint did contain inconsistent allegations, that the allegation of the one count that McCormick was free of contributory negligence could not be reconciled with the allegation in the other count that his intoxication was the proximate cause of his death, and states that in addition to this factual inconsistency there is an inconsistency in legal theory since it has been held that compensation awarded under the Wrongful Death Act includes reparation for the loss of support compensable under the Dram Shop Act, and further holds that since the two counts are mutually exclusive the plaintiff cannot recover on both but that nevertheless the counts may be pleaded together under section 43(2) of the Practice Act. The court also holds that it is not a ground for dismissal that the allegations in one count contradict those in an alternative count.

Kopmann also contended that the trial court erred in denying his motion for a directed verdict at the close of the plaintiff's proof since, as he contends, if the trial court ruled that the plaintiff had made out a prima

28

facie case under the count against the Hulses it would necessarily negate Kopmann's liability under the other count by proving McCormick was guilty of contributory negligence, and that the trial judge should have required the plaintiff to elect between the counts at the close of the evidence and before the case was submitted to the jury. The court says:

"Our second reason for rejecting Kopmann's contention is more basic. Plaintiff pleaded alternative counts because she was uncertain as to what the true facts were. Even assuming she introduced proof to support all essential allegations of both Count I and Count IV, she was entitled to have all the evidence submitted to the trier of fact, and to have the jury decide where the truth lay. She was not foreclosed *ipso facto* from going to the jury under Count I, merely because she submitted proof, under Count IV, tending to prove that McCormick's intoxication proximately caused his death. If this were the rule, one who in good faith tried his case on alternative theories, pursuant to the authorization, if not the encouragement of Section 43, would run the risk of having his entire case dismissed. The provisions of the Civil Practice Act authorizing alternative pleading, necessarily contemplate that the pleader adduce proof in support of both sets of allegations or legal theories, leaving to the jury the determination of the facts."

In the instant case the defendants earnestly contend that alternative pleading should not be permitted since in the first count the plaintiff impliedly states that the injuries received by the decedent did not cause the decedent's death, while in the second count the plaintiff alleges that the injuries did cause the death of the decedent, and the defendants say in their brief:

"Paragraph 2 of Section 43 of the Civil Practice Act contains the only provision allowing alternative pleading. That paragraph provides that 'when a party is in

29

doubt' he may then plead in the alternative. Whether or not one died from alleged injuries is a matter which can be readily determined. Prior to filing his Statement of Claim plaintiff knew or he could have easily ascertained the cause of death. Death is not a fact so vague and undeterminable as to leave any reasonable doubt.
". . .

"From the nature of things, defendants submit that whether or not the injuries caused the death of the decedent in the instant case is a fact, the truth or falsity of which the pleader must know. This fact is more readily determinable than the permanency of a plaintiff's injuries."

In support of that contention defendants cite Church v. Adler, 350 Ill. App. 471, in which case the plaintiff in one count alleged that she suffered injuries which would be permanent and in the second count that she had regained her health. It is plain that that case is not applicable.

██ Many lawsuits involving a loss resulting from death have been hotly contested on the sole issue as to the cause of such death. To say that the cause of death is a matter which can be determined definitely, without evidence, is an over simplification of the entire theory of causation; and if we could adopt the theory of the defendants, while it might not advance the cause of justice, it would certainly tend to reduce the backlog of cases in the courts. The plaintiff, according to his pleadings, was in doubt as to whether the death of the decedent was caused by the injury or not. Questions of causation of this character are every day presented to the triers of fact in lawsuits. As was held in McCormick v. Kopmann, supra, the fact that the plaintiff could only recover for one cause of action does not require him to make an election, nor does it justify the dismissal of the suit by the trial court.

30

The defendants have cited many cases in support of their contention. All of the cases save one were decided before the enactment of the Civil Practice Act. The one case which was decided after the enactment of section 43(2) is Susemiehl v. Red River Lumber Co., 305 Ill. App. 473, which was an appeal from a judgment dismissing one of two suits commenced by the plaintiff as administrator. The first suit sought recovery under the Wrongful Death Act for pecuniary loss resulting to the decedent's widow and next of kin. The second suit was brought under the Survival statute to recover for pain, suffering, and medical and hospital expenses incurred by the deceased from the date of the accident until the date of his death. The court sustained the defendants' motions to dismiss plaintiff's second suit. However in that case the court says (p. 475):

"The only question presented on this appeal is whether or not an administrator of a person injured by the alleged negligence of another and dying as a direct and proximate result of such injury can maintain two suits as administrator, one on behalf of the next of kin to recover damages occasioned by the wrongful death and another for damages alleged to have been sustained before his death."

In that case there was no question raised either before the trial court or in the Appellate Court as to the cause of the death of the decedent. In the instant case there was. The case is not in point.

The judgment of the Municipal Court of Chicago dismissing plaintiff's second amended statement of claim and dismissing the plaintiff's suit is reversed, and the cause is remanded for further proceedings consistent with this opinion.

Reversed and remanded.

DEMPSEY, P. J. and SCHWARTZ, J., concur.