### WELLER *v.* WELLER.

1. DIVORCE—SUPPORT OF CHILDREN—CHANGE OF CIRCUMSTANCES—EVIDENCE.

    Increase from $35 per week each for support of 2 children of divorced parents to $50 per week each is awarded mother on her petition filed 13 months after decree on showing change of circumstances based on actual expenditures made due to increased age of children and normal increase in the cost of living from time of entry of decree.

2. SAME—COSTS—BRIEF.

    Appellee wife who filed no brief on appeal in suit for divorce is not entitled to costs upon appeal.

Appeal from St. Clair; Streeter (Halford I.), J. Submitted June 8, 1961. (Docket No. 29, Calendar No. 49,007.) Decided June 29, 1961. Rehearing denied September 21, 1961.

REFERENCES FOR POINTS IN HEADNOTES

[1] 17A Am Jur, Divorce and Separation § 862.

[2] 17 Am Jur, Divorce and Separation §§ 641, 644, 645.

    Right of former wife to counsel fees upon application, after absolute divorce, to modify order as to support of children. 15 ALR2d 1270.

    Right of wife to allowance of counsel fees to prosecute or defend appeal in matrimonial action. 18 ALR 1494.

Bill by J. Kenneth Weller against Gertrude Irene Weller resulted in divorce for defendant on cross bill. Defendant subsequently petitioned for increase in order for support of minor children, which was granted. Plaintiff appeals. Affirmed.

*Delmer L. Cleland* and *Nelson S. Shapero,* for plaintiff.

KAVANAGH, J. On June 24, 1959, a decree of divorce was granted defendant-appellee wife on her cross bill of complaint. The decree contained a provision under child support requiring the plaintiff-appellant husband to pay the sum of $35 per week per child as support until the further order of the court.

A motion was made by appellee on July 27, 1960,. to amend the decree to award her such additional sums as shall be necessary and proper for the support and maintenance of the minor children. The wife alleged the amount awarded in the decree was not adequate for the support and maintenance of the children.

The friend of the court recommended appellant be ordered to pay $50 per week per child for their support and maintenance. Objections were made to the recommendation, and testimony was taken by the trial court.

Appellee testified as to the alleged expenses of supporting the children, which she claimed had risen because of their age and the normal increase in the cost of living from the time of entry of the divorce decree. Testimony was offered showing that appellant's gross income was as follows:

$$1958 — \$24,051.57$$
$$1959 — 22,810.87.$$

At the conclusion of the hearing the trial court stated as follows:

"I have studied the schedule of support payments, which we do not always follow, but I see with 2 children to support is about 25% of the earnings or a little more, but just about that. I have considered the testimony of the mother and studied over the petition. The income of the father is almost exactly the same as my own. I have been blessed with 3 daughters instead of 2, but I have studied over the expenses and I would say that they are, if anything, on the low side. I will grant the petition and follow the recommendation of the friend of the court and enter the order of $50 per week per child without prejudice, of course. I realize with a man of his earnings that maybe next year they will not be as good and I will have to permit petitions, I guess. If his earnings go down he will have to be able to petition. These expenses are based upon a year of actual expenditures and I am satisfied with them."

The order amending the decree was entered on October 27, 1960, requiring appellant to pay the sum of $50 per week per child as support money until the further order of the court. He appeals, arguing that no change of circumstances from the time of the decree has been shown in this case, and, therefore, no modification of the decree for support of the minor children should be entered.

The original child support provision in the decree was arrived at by negotiation between the parties. The amendment to the decree was based upon approximately one year's record of expenditures. We think sufficient change existed to justify the amendment to the decree, and we note with approval the trial court did not rely solely upon the schedule of support payments recommended by the friend of the court, but in addition considered the testimony of the mother, the income of the father, and the list of the expenses which the court indicated he had studied over and believed, if anything, to be on the low side.

A sufficient change was shown to justify the order amending the decree. The order of the lower court is affirmed. Defendant-appellee has not filed a brief in the matter, therefore, no costs are allowed.

DETHMERS, C.J., and CARR, KELLY, SMITH, BLACK, EDWARDS, and SOURIS, JJ., concurred.