City of Rockford, a Municipal Corporation, Plaintiff-Appellant, v. Carl T. Sallee and Virginia Sallee, Defendants-Appellees.

Gen. No. 69–199.

Second District.

September 17, 1970.

John W. Nielsen, of Rockford, for appellant.

Reno, Zahm, Folgate and Skolrood, of Rockford, for appellees.

MR. JUSTICE SEIDENFELD delivered the opinion of the court.

The city sought an injunction against defendants' use of a former church building as a warehouse, and against the use of the former parsonage as both a home and a business office. This appeal is from the denial of the injunction.

The property was purchased by the defendants in 1966. The lot containing the church building was then zoned B–Residential, the lot containing the residence was then zoned A–Residential, both under the county zoning ordinances. The church building was immediately used to store materials. The Sallees had either actual or constructive knowledge of the existing zoning classification prior to their purchase.

Some ten days after purchasing the property, defendants applied for a county building permit to construct a loading dock and overhead garage door. Mr. Sallee told the employees of the County Building Department of his intended use of the church building as a warehouse in connection with his floor-tile installation business and his intended use of the parsonage as both a residence and a business office. He was erroneously told by a county zoning employee that such use was permissible as long as the defendants did not sell any goods at retail. A permit was granted to build an 18-inch platform and an access door at the rear of the building.

In April of 1967, the property was annexed into the City of Rockford and placed in an A–Residential use district by City Ordinance. In March of 1968, the City issued a building permit to remove the church steeple.

Also in March of 1968, the Sallees moved their residence into the former parsonage. On or about April 9th,

77

1968, the City Building Inspector, responding to a complaint, inspected the premises and informed the defendants of a zoning violation involving the use of the church as a warehouse which defendants were ordered to cease.

No evidence of the cost of the modifications made to the premises was offered.

The evidence of business activity on the premises included testimony by Mr. Sallee that two customers per month came to his home to see samples and that such demonstrations resulted in approximately ten percent of his gross business. There was further evidence that two panel trucks were used in connection with the business, carrying the legend "Ted Sallee's Floor Contractors." One truck remained on the premises, the other was driven to the home of defendants' one full-time employee each night.

The decree contained findings by the trial court that defendants' alteration of the former church building was made in reliance upon the issuance of a County Building Permit and that the defendants made no misrepresentations to secure the permit. The court further found that defendants conducted certain limited business activity, such as record-keeping, telephone conversations and demonstrations of materials and color samples to an average of two customers per month, resulting in approximately ten percent of defendants' gross business; that no business signs were used; and that no retail or wholesale sales were made from the property. The court decreed that the use of the premises did not constitute a nuisance, that use of the residence constituted a "home-occupation" exception under the A–Residential zoning regulations of the City of Rockford, that the use of the church was lawfully nonconforming and that the city was equitably estopped from interfering with the warehouse use.

The city urges that the basis for equitable estoppel must be an act of the city and not merely that of a minis-

78

terial employee; that the use of a home by defendants does not come within the home-occupation exemption; and that there is no lawful nonconforming use under the facts of the case.

■■ It appears from the record that the classification of Lot 16, under the County Zoning Ordinance, permitted the use of the property for church purposes but excluded its use as a warehouse, and the trial court so found.[1] A lawful nonconforming use cannot be predicated upon the act of the County's ministerial officers in permitting the construction of a loading dock and an overhead garage door in violation of the zoning ordinance; rather, a nonconforming use must be predicated upon the continuation of a lawful use existing at the time of the adoption of the ordinance. Eggert v. Board of Appeals of City of Chicago, 29 Ill2d 591, 596, 195 NE2d 164 (1963); Exchange Nat. Bank of Chicago v. Village of Skokie, 86 Ill App2d 408, 412, 229 NE2d 913 (1967). See also 6 ALR2d 956, 960, 962, Annotated; County of Cook v. Triem Steel & Processing, Inc., 19 Ill App2d 126, 129, 153 NE2d 277 (1958).

■ Under the great weight of authority the illegal issuance of a permit by a ministerial officer does not, as a general rule, estop a municipality from relying on the illegality, notwithstanding the fact that the applicant may have expended money or incurred obligations in good faith and in substantial reliance upon the permit. 1 ALR2d 338, 351, Annotated; 6 ALR2d, Annotated, supra, at page 965. See J. Burton Co. v. City of Chicago, 236 Ill 383, 391, 86 NE 93 (1908); Wise v. City of Chi-

---

[1] Defendants have argued that the County Zoning employee had the power to construe the provisions of the zoning ordinance, relying on People ex rel. Interchemical Corp. v. Chicago, 29 Ill 2d 446, 194 NE2d 199 (1963). However, this rule is subject to the proviso that the order of the ministerial officer is not in contravention of ordinances existing at the time of the decision. (See the opinion at page 448.)

cago, 183 Ill App 215, 220 (1913) ; Johnson v. City of Chicago, 107 Ill App2d 182, 190, 246 NE2d 115 (1969) ; Sinclair Refining Co. v. City of Chicago, 246 Ill App 152, 161, 162 (1927).

Defendants rely upon People ex rel. American Nat. Bank v. Smith, 110 Ill App2d 354, 249 NE2d 232 (1969), and cases therein cited, in support of the argument that the city is equitably estopped to urge the invalidity of either the County building permit, or the City's permit to raze the steeple issued subsequent to the annexation of the property into the city. It is argued that equitable estoppel involves a determination of the facts present in the particular case before it. Thus, defendants urge that the issuance of a permit, the giving of full information to the County zoning employees, the modifications made to the building, the lapse of more than two years between the acquisition of the County zoning permit and the challenge by the city, and the evidence that the present use was not adverse to public health, safety, morals and general welfare, support the judgment below. The city also relies upon the opinion in Smith and points out that there must be a showing of positive acts of municipal officials which induced action by the plaintiff in order to support the doctrine of equitable estoppel.

While the court in Smith, at pages 366, 367, recognized that the doctrine of equitable estoppel may be invoked where action has been induced by the conduct of municipal officials, and where, in the absence of such relief, a municipality would be permitted to stultify itself by retracting what its agents had done, it also declared, that estoppel could not be based upon issuance of a permit through an administrative mistake of a member of the municipal staff involving no policy decisions.

The trial court here found that it was inequitable to deny defendants' use of the premises in the manner shown because they had substantially changed their posi-

■

tion in good faith and with the apparent acquiescence of both the county and the city officials over the period of time involved. We are of the opinion, however, that the court misconceives its authority to apply general principles of equity to the case.

■ The more precise and limited principles of the doctrine of equitable estoppel rather must be applied, and we find no acts of government authority in the record sufficient to invoke the doctrine. Mere nonaction by a city is insufficient to invoke estoppel. Gregory v. City of Wheaton, 23 Ill2d 402, 408, 178 NE2d 358 (1961). See also Haba v. Cuff (Ohio App), 201 NE2d 343, 346, 347 (1963).

Moreover, essential elements of the doctrine of equitable estoppel against the city have not been proven. Because the defendants had already occupied and used the church premises in a manner proscribed by both the county and city zoning ordinances prior to the grant of the city permit to remove the steeple, it cannot logically be contended that the defendants relied on the city permit in their use of the church as a storage facility.

We reject the contention that by its grant of the steeple removal permit the city acquiesced in the defendants' use of the church as a warehouse. The record is devoid of any indication that the city was thereby made aware of defendants' use of the church in a proscribed manner and sanctioned such use when the permit issued.

The major thrust of defendants' argument is that they were entitled to rely upon the issuance of the county permit because they in good faith substantially changed their position by reason of its issuance. However, good faith reliance is substantially diminished by their actual or constructive knowledge of the residential classification of the property before application was made for the permit. Further, the record is silent as to the amount of expenditures made by defendants upon such alleged reliance.

81

The use of Lot 18 was found by the court below to be within the city zoning ordinance as a "home-occupation," an exception permitted in a residential area. We are of the opinion that this was erroneous. It is not argued that such use was nonconforming inasmuch as defendants did not begin to reside in the parsonage and use it in connection with their business activities until after the annexation by the city. The city ordinance provided an exception to the A–Residence district for "accessory uses incidental to the above uses, including private garages, home occupations, and signs advertising premises for sale or rent, but not the conduct of any retail or wholesale business or manufacture." A further provision of the zoning ordinance defined home occupation as "any gainful occupation or profession engaged in by an occupant of a dwelling unit as a use which is incidental to the use of the dwelling unit for residential purposes." The ordinance further provided that the occupation must be carried on wholly within the principal building or within a building accessory thereto and only by members of the family occupying the premises. It also provided that no article should be sold or offered for sale on the premises except such as is produced by the occupation on the premises. A further provision defined accessory buildings as buildings which must be on the same lot as the main building and the use of which is clearly incidental to use of a main building.

Defendants' use and business activities could not be said to be within such exception. The business activity was not conducted solely within the residence or from an accessory building on the same lot; the business involved a regular outside employee, not a member of the family; the articles offered for sale were not those produced on the premises; and it could not be said that the use was such as would be customarily incidental to the residential use of the dwelling. *Village of Riverside v. Kuhne*, 335 Ill App 547, 560–562, 82 NE2d

500 (1948); Nelson American Law of Zoning, § 10:02; City of Muskegon Heights v. Wilson, 363 Mich 263, 109 NW2d 768, 770–771 (1961); Maurer v. Snyder (Md), 87 A2d 612, 618 (1952); Perron v. City of Concord, 102 NH 32, 150 A2d 403, 405, 406 (1959).

In our view of the case, we do not reach the issue which the plaintiff has raised on the pleadings.

We reverse and remand with directions to grant the municipality's prayer for injunction.

Reversed and remanded with directions.

DAVIS, P. J. and ABRAHAMSON, J., concur.