THE VILLAGE OF BURR RIDGE, Plaintiff-Appellee, *v.* NORMAN J. ELIA *et al.,* Defendants-Appellants.

(No. 73-115; 

Second District—November 8, 1974.

*Rehearing denied December 13, 1974.*

Bauer & Hotte, of Elmhurst, for appellants.

Klein, Thorpe, Kasson & Jenkins and Leonard Bosgraf, both of Chicago, for appellee.

Mr. JUSTICE RECHENMACHER delivered the opinion of the court:

This is an appeal from a decree of the Circuit Court of Du Page County enjoining the defendants (appellants) from conducting the operation of their paving contracting and landscaping business on their premises, including the keeping and maintaining of their equipment thereon.

The premises in question originally belonged to Norman J. Elia's father

and have been in the possession of the Elia family for over 50 years. The evidence is somewhat conflicting in certain details but it seems clear that at an early age, possibly prior to the age of 15, Norman J. Elia, who was born in 1920, began doing small jobs in the nature of landscaping work for surrounding neighbors, having at that time only minimal equipment. He then went into military service and when he returned in 1945 he began to expand his landscaping business, adding some pieces of equipment from time to time. Whether he did any paving contracting in the early 1950's is not clear from the record, but it appears that about 1958 he began to acquire considerable equipment for use in the paving contracting business, which he stored and maintained in his home premises on the north side of 62nd Street (Lot 19) and another lot immediately south and west of the home premises on the south side of 62nd Street (Lot 18). Elia gradually expanded his business, apparently mostly in the direction of paving contracting, after 1958, and at the time of the trial was keeping, on his two lots, according to the complaint and the testimony of witnesses, a road grader, several tractors, several six-wheeled dump trucks and other grading and paving equipment. It also appears that he did some maintenance work on this equipment from time to time at the same location.

The lots in question and the entire surrounding area are zoned R-3 under the zoning ordinance of the Village of Burr Ridge enacted in 1965. This zoning does not permit the keeping and maintaining of equipment necessary for a landscaping and paving contracting business. The entire area, including the defendants' land, and the land surrounding it, is zoned for residential purposes only. The complaint recites that the storage, maintenance and repair of defendants' heavy equipment used in the business tended to substantially decrease the value of the adjoining and surrounding real estate. Expert testimony confirmed this and there was testimony by neighbors that the heavy equipment was a traffic hazard, especially to children in the neighborhood, and that the noise caused in the repairing and maintenance of the equipment was a nuisance as it was often done at night by floodlight.

There can be little doubt that the Burr Ridge zoning ordinance of March 8, 1965, prohibited the use being made of the defendant's premises; however, the evidence also clearly establishes that the defendants' use of the premises for storing and maintaining the paving contracting and landscaping equipment long antedated the Village ordinance.

The Village recognizes this in the third amended complaint on which the prayer for an injunction is based. Count I simply alleges the necessary facts to establish a present violation of the existing ordinance. Count

II, which is set forth as an alternative pleading, after adopting Count I's necessary preliminary facts, alleges that:

"2. That the use of the real estate described herein for the operation of paving contracting and landscaping business, which use initially involved the parking of one truck on or about said real estate, *pre-dates* the BURR RIDGE ZONING ORDINANCE OF MARCH 8, 1965, and all prior Zoning Ordinances of the VILLAGE OF BURR RIDGE AND *DU PAGE COUNTY*. [Emphasis added.]

3. That the use of the real estate herein described for the operation of a paving contracting and landscaping business, initially involving the parking of one truck on or about said real estate, has expanded to include, among other things, the parking, maintenance and repair, thereon, of One Austin Western Road Grader, Three Tractors, Three 6 Wheel Dump Trucks, Two 4 Wheel Dump Trucks, Two Pickup Trucks, One Jeep, One Road Paver, and Three Rollers."

The defendants in their answer specially admitted the truth of paragraphs 2 and 3 of Count II but maintained, as an affirmative defense, that their use of the land was a legal, nonconforming use.

While questions of pleading are not usually of critical importance under our modern Civil Practice Act, under certain circumstances they can become so and we believe such a case is involved here. It will be noted that the pleadings in Count I of the complaint refer only to a violation of the Burr Ridge zoning ordinance of March 8, 1965. It is a straightforward allegation as to the violation of the ord'nance by storing and maintaining certain heavy equipment used in connection with a landscaping and paving contracting business on said premises. No reference is made to the County zoning ordinance or any violation thereof. Count II does not deny the allegations of Count I, nor admit that the use was a legal, nonconforming use, but alleges that, (a) if it were a legal nonconforming use at the time of the enactment of the Burr Ridge Ordinance it has since expanded considerably, and (b) that in any event the Burr Ridge ordinance contains a provision for the discontinuance of a nonconforming, legal use of vacant land within 1 year of the passage of the ordinance, which period having passed, the use is now illegal under the ordinance. But, Count II also contains the allegation that the aforesaid use of the premises *predated* both the Burr Ridge zoning ordinance of 1965 and the county ordinance of 1935.

What makes so significant the allegation in the complaint that the defendants' use of the premises for a landscaping and paving contracting

business *predated* the 1935 county zoning ordinance, is that the basis of the trial judge's decree was his finding as a matter of fact that the said business use of the premises began *after* the enactment of the 1935 county zoning ordinance and therefore the defendants, being in violation of the county ordinance, did *not* have a legal nonconforming use *at the time the Burr Ridge ordinance* was passed; therefore, they violated *that* ordinance and are subject to being enjoined.

■■ Prior to the adoption of our modern Civil Practice Act a variance between the proof and the pleadings was, under certain circumstances where the adverse party was prejudiced thereby, held to be a fatal variance which would defeat a judgment even though the proof was sufficient to sustain it. (*Stearns v. Glos* (1908), 235 Ill. 290; *Martin v. Frank* (1930), 259 Ill.App. 417.) However, under modern practice, allowing pleading in the alternative, a variance between one count of the complaint and the proof is not fatal and may be disregarded if another count pleaded in the alternative accords with the proof. (*McCormick v. Kopmann* (1959), 23 Ill.App.2d 189.) Section 43(2) of the Practice Act (Ill. Rev. Stat. 1969, ch. 110, par. 43 (2)) states:

> "(2) When a party is in doubt as to which of two or more statements of fact is true, he may, regardless of consistency, state them in the alternative or hypothetically in the same or different counts or defenses, whether legal or equitable. A bad alternative does not affect a good one."

The plaintiff contends that under this language the allegation in Count II that the defendants' use of the premises for landscaping and paving contracting predated the 1935 Du Page County zoning ordinance, may be disregarded as an alternative pleading and therefore does not constitute a judicial admission.

While there are numerous cases holding that inconsistent pleadings may not be used as a judicial admission against the pleader where he, in good faith, pleads such inconsistent facts or theories (*McCormick v. Kopmann, supra, Dursch v. Fair* (1965), 61 Ill.App.2d 273; *Appleman v. Fabert Motors, Inc.* (1961), 30 Ill.App.2d 424; *Downs v. Exchange National Bank* (1959), 24 Ill.App.2d 24), these cases are clearly distinguishable from the present state of facts. In the cited cases the defendant was aware that there were two distinct, inconsistent bases of recovery and the defendant knew what these were and could prepare against either eventuality that the proofs might tend to establish. While somewhat extended by such pleadings, the defendant was not deceived or misled—he knew it was a two-pronged case and could prepare accordingly. But in the case before us there is no clear-cut inconsistency between Count I and Count II. The vital fact as to when the defendants first began op-

erating the landscaping and paving contracting business is entirely ignored in Count I which contents itself with the general allegation that the defendants violated the 1965 Burr Ridge zoning ordinance, whereas Count II alleges and invites admission as a fact that the defendants began the business of landscaping and paving contracting *prior* to either the Burr Ridge or the County zoning ordinances. Such pleading is perfectly proper but only on the theory indicated in Count II that there was an unwarranted intensification of the use as the business developed and/or that the Burr Ridge zoning provision for amortization of nonconforming uses was operative. To say in Count I that the Burr Ridge ordinance was violated in that a nonconforming use was made of the premises and to say in Count II that the Burr Ridge zoning ordinance was violated because a nonconforming use was intensified unreasonably and/or the nonconforming use was amortized—these are perfectly legitimate pleadings in both counts. Or, the plaintiff could have alleged in Count I that both the Burr Ridge and the County zoning ordinances were violated and left Count II as it was. But, the plaintiff ignored the County ordinance in Count I and removed it from consideration as an issue in Count II. When it came to the proofs the trial court found that the defendant, Norman J. Elia, had not commenced his operation as a landscaping and paving contractor until after the County zoning ordinance was passed in 1935, and therefore found defendant had violated the County zoning ordinance and thus he did not at the time of passage of the Burr Ridge ordinance have a legal, nonconforming use of his premises. Thus, the court, in effect, based its decision on a finding of fact which was not put in issue by the pleadings. It is apparent that these pleadings may have deceived and hampered the defendants. In the first place, had they been fully aware of the plaintiff's theory they might have expended more effort to prove the date of the establishment of the business. Under the pleadings as set out the point did not appear to be important, which had the effect of deceiving the defendants. Secondly, the question as to whether the County zoning ordinance was actually violated should have required at least some sort of showing by the county. The county was aware of the defendant's (Norman J. Elia) use of the premises over a period of 35 years, yet no case was ever brought by the county against him. Under this state of facts, the question naturally arises—did the county consider that its zoning ordinance had been violated? There was no satisfactory evidence on this point, since the county was not involved in any way as a party to these proceedings. In the absence of pleadings defining the issue, we question the propriety of the court's finding that one municipality's zoning ordinance was violated some 35 years ago and that another municipality's

zoning ordinance was violated 30 years later by relation back to the legal effect of the supposed violation of the first municipality's ordinance.

These are questions that either would not have arisen or may have been resolved prior to trial had the pleadings been set out in a fair, open and proper manner. As it was, the plaintiff was able to have his cake and eat it too, since under one set of pleadings he said nothing about his actual theory of the case, thus giving the defendants no clue, and in the other pleading he set out allegations which denied the very theory under which the decree was entered. We cannot condone such pleading under the guise of alternative pleading.

The logic of the court's decree required a finding based only on Count I of the complaint, since the pleadings under Count II had already established the key issue in defendants' favor. Yet the court went outside of Count I and based its decree on evidence which was relevant only to an issue raised in Count II—and moreover, on evidence which was contrary to the admissions of Count II. We question the propriety of using evidence involved in Count II to sustain a finding under Count I which is contrary to the admissions of Count II as to such evidence.

■■ In the light of the trial court's theory of the case as reflected in the decree, there is a distinct possibility that the defendants were prejudiced by such pleading; therefore, we are of the opinion the decree must be vacated and the case remanded for a new trial under amended pleadings which give the defendants proper notice, whether in a single count or alternative counts, as to what the defendants must prove in their defense.

■■ We call attention to the fact that since the defendants, in their answer, raised a nonconforming use antedating the Burr Ridge ordinance as an affirmative defense and this was not answered or pleaded to in any way by the plaintiff, the burden thereby shifted to the plaintiff to show that the defendants did not have a legal, nonconforming use under the Burr Ridge ordinance. The proof on the question of Norman J. Elia's first use of the premises for landscaping and paving contracting therefore required more than a negative inference based on his age or a neighbor not being able to recall beyond a certain date, almost 20 years before.

■ Since, under new or amended pleadings the question may arise under the theory of amortization of the defendants' nonconforming use of the premises under the Burr Ridge ordinance, we point out that so far as the use of unimproved land is concerned, the language in section 9(d) of the ordinance providing for the elimination of nonconforming uses within 1 year appears to go beyond the authority given the Village by the Municipal Code, section 11—13—1 (Ill. Rev. Stat. 1969, ch. 24, par. 11—13—1), which reads in part:

"The powers conferred by this Division 13 shall not be exercised so as to deprive the owner of any existing property of its use or maintenance for the purpose to which it is then lawfully devoted, but provisions may be made for the gradual elimination of uses, *buildings and structures* which are incompatible with the character of the districts in which they are made or located, including, without being limited thereto, provisions (a) *for the elimination of such uses of unimproved lands or lot areas when the existing rights of the persons in possession thereof are terminated or when the uses to which they are devoted are discontinued;* \* \* \*." (Emphasis added.)

■■ If a legal, nonconforming use of the real estate in question is established, then the provision in the Burr Ridge ordinance for discontinuance of such use within a year of its passage would appear to conflict with the Municipal Code, and to be therefore unenforceable.

For the reasons stated, the decree of the trial court is reversed and the case remanded for further action not inconsistent with this opinion.

Reversed and remanded.

GUILD and SEIDENFELD, JJ., concur.