THE VILLAGE OF BURR RIDGE, Plaintiff-Appellant, *v.* NORMAN J. ELIA *et al.*, Defendants-Appellees.

Second District   No. 77-409

Opinion filed November 15, 1978.

R. Marlin Smith and Wendy U. Larsen, both of Ross, Hardies, O'Keefe, Babcock & Parsons, and Newell Jenkins, of Klein, Thorpe, Kasson & Jenkins, both of Chicago, for appellant.

James G. Bauer, of Bauer & Hotte, of Elmhurst, for appellees.

Mr. JUSTICE NASH delivered the opinion of the court:

Plaintiff, the Village of Burr Ridge, seeks to enjoin defendants, Norman J. and Dorothy Elia, from using their property in a manner alleged to violate the village zoning ordinance. Following a bench trial, the trial court found defendants' use of their property was a legal nonconforming use and denied the injunction. Plaintiff appeals contending the judgment of the trial court was contrary to the manifest weight of the evidence. We agree.

The current proceeding was a retrial of the matter following remand by this court in *Village of Burr Ridge v. Elia* (1974), 23 Ill. App. 3d 350, 319 N.E.2d 319, where we held the judgment of the trial court granting an injunction required reversal because of procedural defects.

The subject property consists of two parcels of land comprising three acres located across from one another at the end of 62d Street in a residential area of the village. Defendants' home is located on the property and they conduct an asphalt paving contracting and landscaping business on it also. In connection with their business defendants use the property to park, maintain and repair dump trucks, tractors, road graders, pavers, rollers and other equipment and supplies that are usually associated with that type of business.

Prior to 1962 defendants' property was part of the unincorporated area of Du Page County and in 1962 was annexed to the Village of Harvester which later changed its name to the Village of Burr Ridge. Du Page

County's first zoning ordinance was enacted in 1935 and in 1962 the property became subject to the zoning regulations of the village. Under both the county and village zoning ordinances the property was continuously zoned for single-family residential use and the parties stipulated in a pretrial order entered in this case that at no time from 1935 to the present was defendants' present use of the property one permitted under these ordinances.

The subject property was originally used chiefly for farming but in 1928 the Elia family began a small landscaping operation in which defendant Norman Elia became involved in 1934 or 1935. The equipment stored on the property at that time, in the Elia barn, included normal farming implements, a horse or tractor-drawn road scraper and a portable cement mixer which had been used at one time in a family cement block business. In the late 1940's or early 1950's Norman Elia engaged in a road paving business from the property which utilized two dump trucks, a tractor, grader and disc plows. He testified he is basically a paving contractor and does landscaping combined with that work. He also testified that in 1952 he was contacted by Du Page County zoning authorities relative to his use of the property but that he was never prosecuted for violation of the zoning ordinance. The trial court found that defendants' use of the property predated the zoning ordinances of the county and village and thus was a legal nonconforming use.

■■ "A non-conforming use, within the meaning of zoning regulations has been defined as the use of a building or land that does not agree with the regulations of the district in which it is situated. [Citation.] * * * The right to a non-conforming use is a property right and a governmental body is not authorized to take away or limit a person's right to make any use of the property which was lawful at the time it was acquired, except in such ways as may be necessary for the public health, comfort, safety or welfare. [Citations.]" (*Village of Lake Bluff v. Horne* (1960), 24 Ill. App. 2d 343, 352-53, 164 N.E.2d 217, 221-22.) Defendants' present road paving business, however, was not established until the late 1940's or early 1950's when the 1935 county zoning ordinance was in effect. That use was not lawful under that ordinance nor any which thereafter became applicable to the property. Thus, there is no evidentiary basis for the trial court's determination that such use predated the 1935 county ordinance.

Defendants contend, however, the precise description of their business is not significant since the character of the business, as it affects the subject property, has always remained the same, that is, "the storage and maintenance of vehicular equipment." They assert this vehicular storage use existed in 1935 in connection with the landscaping business and has continued in connection with the present road paving business and is thus a legal nonconforming use.

■■ ■ In considering whether a legal nonconforming use has changed such that it has lost that status, our supreme court has held that although a new use and the old may fall within the same general category, such as manufacturing, it is the particular use and not the general classification which governs. (*Dube v. City of Chicago* (1955), 7 Ill. 2d 313, 322, 131 N.E.2d 9, 13, *cert. denied* (1956), 350 U.S. 1013, 100 L. Ed. 873, 76 S. Ct. 658; *Wechter v. Board of Appeals* (1954), 3 Ill. 2d 13, 15, 119 N.E.2d 747, 748; see *County of Du Page v. Elmhurst-Chicago Stone Co.* (1960), 18 Ill. 2d 479, 483-84, 165 N.E.2d 310, 312-13.) That there was a change in use of the property from the small landscaping operation existing in 1935 to the substantial paving business in the 1940's and 1950's cannot be denied by simply stating both businesses are in the general category of vehicular storage. In any event, even should we accept this argument, section 11 of the 1935 Du Page County Zoning Ordinance stated that "[a] nonconforming use of land shall not be extended" and it is apparent the increase in the number of vehicles stored by defendants and their use of the land while subject to the county ordinance was not lawful.

■■ ■ We find no merit in defendants' further contention that plaintiff village should be estopped from enforcing its zoning ordinance against them because of the county's previous failure to enforce its ordinances between 1935 and the 1962 annexation of the property to the Village of Harvester. In *City of Rockford v. Sallee* (1970), 129 Ill. App. 2d 75, 262 N.E.2d 485, the court considered whether the city should have been estopped from enforcing its zoning ordinance against a nonconforming use on the basis of acts of municipal officers of the city and also officers of the county under whose ordinance the property had been zoned when the use was commenced. It there held that mere nonaction by a municipality was insufficient to invoke the doctrine of estoppel. While that doctrine can apply where a party, acting in good faith under affirmative acts of a municipality, has made such expensive and permanent improvements that it would be highly inequitable and unjust to destroy the rights acquired (*People ex rel. American National Bank & Trust Co. v. Smith* (1969), 110 Ill. App. 2d 354, 362, 249 N.E.2d 232, 237), the testimony that defendants were contacted by the county relative to the use of the property in 1952 but never prosecuted for violation of the zoning ordinance, without more, cannot invoke the doctrine.

For these reasons the judgment of the Circuit Court of Du Page County is reversed and the cause remanded with directions that the injunction prayed for by plaintiff be issued.

Reversed and remanded with directions.

SEIDENFELD, P. J., and WOODWARD, J., concur.