THE VILLAGE OF LAKE VILLA, Plaintiff-Appellee, *v.* FARGO ICE & SONS, INC., *et al.*, Defendants-Appellants.

Second District No. 80-168

Opinion filed November 26, 1980.

Thomas P. Stepanich, of Waukegan, for appellants.

William G. Rosing and Stephen G. Applehans, both of Rosing, Carlson & Magee, Ltd., of Waukegan, for appellee.

Mr. PRESIDING JUSTICE SEIDENFELD delivered the opinion of the court:

The defendants, Fargo Ice & Sons, Inc., and Jack Modjeski (FARGO), appeal from an order permanently enjoining the parking of inoperable or unlicensed vehicles and from keeping any semitrailers on the property unattended or overnight except for a reasonable period for off loading. The court also provided that Fargo could keep one pickup and delivery truck on the premises. The sole issue is whether Fargo's use of the property constitutes an enlargement of a nonconforming use in violation of the zoning ordinance of the Village of Lake Villa.

The case is before us on bystander's reports. The village's evidence shows that prior to 1976 when the defendant Modjeski purchased the subject property only two truck vehicle tags were issued to Fargo. The village clerk testified that the area was residential and the former owner used only one pickup truck and one delivery truck on the premises. In 1979, six large truck vehicle tags were purchased by Fargo. In the summer of 1979, six or seven large trucks were parked on the premises as well as two to four semitrailers. The record includes a number of photographs showing trailers and trucks on the premises outside the building at various times and dates. The village also introduced exhibits

demonstrating that the previous owner of Fargo petitioned the village for rezoning in 1959 to allow him to construct a warehouse for inside storage. The rezoning was denied but a variance was granted for that purpose. In 1972, the village enacted a new comprehensive zoning ordinance, which placed the subject property in a central business area where ice manufacturing is not a permitted use.

The trial judge found that the property was a permitted nonconforming use after 1972. The judge also found that prior to 1976 one pickup truck was used by the owner as well as one delivery truck which was sometimes parked on the premises, but that subsequent to 1976, Fargo continues to park two refrigerated semitrailers on the premises and operates six or seven large delivery trucks which are also parked on the property. The trial judge also found that Fargo on occasion has allowed inoperable or unlicensed vehicles to remain on the property.

The court concluded that Fargo's use of the property constituted an enlargement of a nonconforming use in violation of subsection 5.2B4 of the village zoning ordinance, and entered the injunction.

The zoning ordinance of the village as applicable provides:

> "4. Enlargements or alterations of an existing nonconforming structure or use of land shall not be permitted except where such changes result in bringing the nonconformance into compliance with the requirements of the zoning ordinance. Nonconforming uses shall not be changed to any use other than one permitted in the zone in which it is located." Village of Lake Villa Zoning Ordinance 1972, subsection 5.2B4.

The validity of the ordinance has not been challenged; its applicability to the facts is solely in issue. Fargo argues that the record shows a mere increase in the volume of business which it claims is not an illegal expansion of a nonconforming use. We cannot agree.

We do agree that mere increase in the volume of business is not a prohibited expansion. (*Dube v. City of Chicago* (1955), 7 Ill. 2d 313, 322.) Nor can we agree with the village that since the operation has changed from the manufacture of ice on the premises to the purchase of ice from outside sources and storage on the premises, there is a new and different use. (See *Dube*, at 322. *Cf. Village of Burr Ridge v. Elia* (1978), 65 Ill. App. 3d 827, 830.) Here, Fargo has not engaged in a different activity on the premises. Merely buying ice from an outside source and storing it on the premises does not in itself constitute an illegal enlargement of the nonconforming use.

We have recognized, however, that the increase in the number of vehicles stored on a nonconforming property may constitute an unlawful expansion of the use even though the general classification of the use remains unchanged. (*Elia*, at 830.) The record supports the conclusion

that large trailers have been used outside the building for on-site storage; and under the ordinance before us, that this is an effective enlargement or alteration of a previous use.

Fargo primarily relies on *People v. Ferris* (1958), 18 Ill. App. 2d 346, in which it was held that an increase from 15 trailers to 70 trailers at a summer camp did not contravene the applicable ordinances. However, the ordinance in *Ferris* expressly permitted expansion of a nonconforming use to the "area" of the entire tract for which the use had been contemplated. (18 Ill. App. 2d 346, 353.) The Lake Villa ordinance prohibits enlargements or alterations of the use of the land, and does not expressly permit the expansion to the entire property.

We conclude that the trial court did not err in finding that under the ordinance before us there had been an effective enlargement or alteration of a previous use. Its order, which prohibits increased vehicle storage on the premises while allowing Fargo to use newer and larger trucks for delivery of ice, is supported by the record.

The judgment of the trial court is affirmed.

Affirmed.

WOODWARD and LINDBERG, JJ., concur.