THE VILLAGE OF TINLEY PARK, Plaintiff-Appellant, v. NIRMALA M. RAY, as Trustee, *et al.*, Defendants-Appellees.

First District (6th Division)   No. 1—97—2436

Opinion filed September 4, 1998.—Rehearing denied October 13, 1998.

Klein, Thorpe & Jenkins, Ltd., of Chicago (Terrence M. Barnicle and Peter M. Dolan, Jr., of counsel), for appellant.

Schain, Firsel & Burney, Ltd., of Chicago (Jerome Wiener, Robert C. Kenny, and Patrick T. Brankin, of counsel), for appellees.

JUSTICE ZWICK delivered the opinion of the court:

Plaintiff, the Village of Tinley Park (the Village), instituted this action for injunctive and other relief, seeking enforcement of a zoning ordinance that prohibits the construction of billboards within the Village's boundaries. The trial court determined that the Village lacked standing to bring the action and dismissed the complaint with prejudice. The Village has appealed the dismissal order.

The undisputed facts establish that in July 1996, defendant Universal Outdoor, Inc. (Universal), applied for a permit to erect a billboard on a parcel of property at 7951 West 159th Street, which was then located within unincorporated Cook County. The requested permit was issued by Cook County on August 21, 1996, and the subject billboard was thereafter constructed on the property.

On November 19, 1996, subsequent to the construction of the billboard, the Village annexed the parcel of property on which the billboard had been erected. Thereafter, the Village sought removal of the billboard based upon the violation of its preexisting zoning ordinance which prohibits billboards within the Village.

Defendants refused to remove the billboard, and the Village filed suit, pursuant to section 11—13—15 of the Illinois Municipal Code (65 ILCS 5/11—13—15 (West 1996)), seeking an injunction and the imposition of fines for violation of the subject zoning ordinance. Defendants filed a motion to dismiss the complaint, asserting that the Village did not have standing to challenge the permit issued by Cook County. The trial court agreed and granted defendants' motion to dismiss with prejudice.

The only issue raised in this appeal is whether the trial court erred in dismissing the complaint based upon its determination that the Village lacked standing to bring the action.

■ Article VII, section 6(a) of the Illinois Constitution of 1970 provides, in pertinent part, as follows:

"Except as limited by this Section, a home rule unit may exercise any power and perform any function pertaining to its government and affairs including, but not limited to, the power to regulate for the protection of the public health, safety, morals and welfare." Ill. Const. 1970, art. VII, § 6(a).

Thus, the Illinois Constitution authorizes home rule units of government to adopt and enforce zoning ordinances. *Thompson v. Cook County Zoning Board of Appeals*, 96 Ill. App. 3d 561, 569, 421 N.E.2d 285 (1981); *Metropolitan Sanitary District of Greater Chicago v. On-*

*Cor Frozen Foods, Inc.*, 36 Ill. App. 3d 239, 242-43, 343 N.E.2d 577 (1976). In addition, section 11—13—15 of the Illinois Municipal Code specifically permits municipalities to enforce zoning and building ordinances in order to promote public health, welfare and safety. See 65 ILCS 5/11—13—15 (West 1996). Notwithstanding the above constitutional and statutory provisions, the trial court determined that the Village lacked standing to sue for enforcement of its zoning ordinance. For the following reasons, we reverse.

⬛ The doctrine of standing seeks to ensure that courts are deciding actual, specific controversies and not abstract questions or moot issues. *In re Marriage of Rodriguez*, 131 Ill. 2d 273, 279-80, 545 N.E.2d ·731 (1989). The primary focus of standing is that a party have a real interest in the action brought and in its outcome. *Rodriguez*, 131 Ill. 2d at 280. The doctrine is designed to preclude persons having no interest in a controversy from bringing suit; it does not preclude a valid suit from being litigated. *Rodriguez*, 131 Ill. 2d at 280.

A finding of standing must be predicated upon some injury in fact to a legally recognized interest. *In re Estate of Burgeson*, 125 Ill. 2d 477, 486, 532 N.E.2d 825 (1988); *Glazewski v. Coronet Insurance Co.*, 108 Ill. 2d 243, 254, 483 N.E.2d 1263 (1985). The claimed injury must be distinct and palpable, fairly traceable to the defendant's actions, and substantially likely to be prevented or redressed by the grant of the requested relief. *Greer v. Illinois Housing Development Authority*, 122 Ill. 2d 462, 492-93, 524 N.E.2d 561 (1988).

⬛ When a municipality annexes property into its corporate boundaries, the annexed property immediately becomes subject to the zoning jurisdiction of the annexing municipality. *Citizens Bank & Trust Co. v. City of Park Ridge*, 5 Ill. App. 3d 77, 80, 282 N.E.2d 751 (1972). The automatic zoning of annexed property has been codified by section 7—1—47 of the Illinois Municipal Code (65 ILCS 5/7—1—47 (West 1996)) and by Tinley Park Zoning Ordinance section IV(B)(4). Thus, upon its annexation on November 19, 1996, the property immediately became subject to the relevant zoning ordinances of Tinley Park. Accordingly, the Village had the right, authority, and obligation to enforce those zoning ordinances against all owners and occupiers of the recently annexed property. See generally *Village of Burr Ridge v. Elia*, 65 Ill. App. 3d 827, 382 N.E.2d 876 (1978); *City of Rockford v. Sallee*, 129 Ill. App. 2d 75, 262 N.E.2d 485 (1970).

It is beyond dispute that the Village has the power to enforce its zoning ordinances on property located within its boundaries. Moreover, we hold that this power is in no way diminished or curtailed merely because the property came to be located within the village boundaries through annexation. Based upon the record before us, we

find the Village has a real interest in the enforcement of its zoning ordinances. In addition, a violation of those ordinances by an offending billboard results in injury which is distinct, palpable, traceable to the defendant's actions, and may be redressed by the grant of the requested relief. We hold, therefore, that the trial court erred in dismissing the Village's complaint for lack of standing.

We observe that the record contains some discussion by the trial judge and counsel for both parties as to the applicability of Tinley Park Zoning Ordinance section IX(E) (the grandfather clause), which permits continuation of a legal nonconforming use for a maximum of five years from the effective date of the relevant zoning ordinance. However, this issue goes to the merits of whether the Village is entitled to immediate removal of the subject billboard. As such, it is wholly unrelated to the narrow question of whether the Village has standing to pursue the instant action, and the trial court never rendered a decision on the applicability of section IX(E).

In light of our holding that the Village has standing to pursue its claim, we reverse the trial court's judgment dismissing the complaint and remand the cause for a ruling on the applicability of section IX(E).

For the foregoing reasons, the judgment of the circuit court is reversed, and the cause is remanded for further proceedings.

Reversed and remanded.

GREIMAN and QUINN, JJ., concur.