METZINGER v. METZINGER.

1. DIVORCE—JURISDICTION—SUPPORT OF CHILDREN.
   Where original decree of divorce expressly provided that care and maintenance of the minor child of the parties was, to be as therein set forth until the further order of the court, it retained continuing jurisdiction of such matter, hence where court entered order increasing allowance for child's support after holding a hearing on plaintiff mother's petition of which defendant father had due notice, and which related to support of the child, defendant father was not denied due process.

2. JUDGMENT—RES JUDICATA—DIVORCE—SUPPORT OF CHILDREN.
   The provisions in an original decree of divorce as to the care and maintenance of minor children are not *res judicata* of such matter on petition, filed over 11 years thereafter, and pertaining to care of child then 12 years of age who had had and still had various ailments.

3. DIVORCE—SUPPORT OF CHILDREN—REFERENCE TO FRIEND OF COURT—STATUTES—HEARING.
   A defendant in a suit for divorce is not deprived of a hearing before the trial court by reason of statutory reference of matter of care and maintenance of their minor child to the friend of the court, where court afforded defendant a full and fair hearing as to the action the trial court would take in considering the recommendations of the friend of the court and such testimony as the court might see fit to take (3 Comp. Laws 1929, § 12783 *et seq.*).

4. SAME—JUDGES—FRIEND OF THE COURT—BIAS.
   Contention that circuit judge and friend of the court were disqualified by reason of personal bias and prejudice and because the friend of the court was financially interested in divorce proceedings since he received compensation for his services as a public officer *held*, without merit.

Appeal from Wayne; Jayne (Ira W.), J. October 3, 1944. (Docket No. 28, Calendar No. 42,444.) Decided January 2, 1945. Rehearing denied February 20, 1945. Certiorari denied by Supreme Court of the United States April 27, 1945.

Bill by Louise Metzinger against Joseph Metzinger for divorce on grounds of cruelty and nonsupport. Decree for plaintiff. On petition of parties for amendment of decree. Decree amended as sought in plaintiff's petition. Defendant appeals. Affirmed.

*Max Hulett,* for plaintiff.

*Royal D. Rood,* for defendant.

*Edward Pokorny, amicus curiae.*

NORTH, J. This is an appeal from a modification of the provisions in a divorce decree relative to the care and maintenance of a minor child. In January, 1931, plaintiff was granted a decree of divorce from defendant on the grounds of cruelty and nonsupport. Plaintiff was given the custody of Edward Metzinger, a minor child of the parties, until he became 16 years of age or until the further order of the court, and defendant was required to pay $5 per week for the care and support of this child. There is no complaint concerning defendant's compliance with the order requiring the weekly payments.

In June, 1942, plaintiff filed a petition in the cause by which she sought amendment of the decree requiring defendant to pay additional sums on account of medical and hospital expense theretofore incurred in excess of $250 in caring for the minor child and such other sums as prospectively would be needed until the child attained the age of 17 years. At the time of filing this petition the minor was 12 years of

age. The petitioner alleged that she was unable to pay for these services from the meager earnings of her then employment, that the defendant was "well able and should be compelled by this Court to bear the expense of these out-of-the-ordinary medical and hospital expenses for his child," and that the minor child "now has, and has had, various ailments."

Defendant was served with a copy of the petition and notice of the time and place of hearing. He did not answer; but instead filed a petition by which he sought an amendment of the decree giving him custody of the minor child. This latter petition was answered by plaintiff.

In accordance with the local practice and the statute in such case made and provided, the proceeding was referred to the friend of the court. Defendant, acting through his counsel, refused to appear before the friend of the court, and instead insisted upon a hearing before the court. The friend of the court proceeded to investigate and consider the matters referred to him and filed his recommendations with the trial court. At this stage of the proceeding defendant's counsel appeared specially before the trial court "for the purpose of presenting objections to the recommendation of the friend of the court *in re* petition filed in the above-entitled cause by Louise Metzinger denying jurisdiction of the court over the person of defendant Joseph Metzinger in the matter of said petition to grant any of said recommendations," basing such objections upon reasons theretofore served upon plaintiff's counsel and upon the friend of the court. The circuit judge heard the parties relative to their respective contentions and caused to be entered an amendment to the decree whereby, in substantial accord with the recommendations of the friend of the court, the amount defendant was required to pay

for support of the minor child of said parties was increased "to $15 per week until an additional sum of $300 has been paid, and then $10 per week so long as the said minor child needs additional medical care, or until the further order of the court;" and the payment by defendant of a $50 attorney fee to plaintiff's counsel. In other respects the decree theretofore entered was ordered to "remain in full force and effect." By this latter provision the relief sought by defendant's petition was in effect denied. However, in the trial court's opinion the following appears: "The defendant having failed to comply with the rules and practices of the court in bringing on his motion for modification, the same is dismissed without prejudice."

In the reasons and grounds in support of this appeal taken by defendant he asserts that since, incident to the hearing of plaintiff's petition, no "writ or rule to plead" was issued or served on defendant, and since, by reference to the friend of the court, defendant was denied a hearing in court, he was thereby denied due process. We find no merit in this contention. The petition was filed in the original divorce proceedings in which there was involved the care, custody and maintenance of a minor child. That was the only phase of the original case brought again to the attention of the court by plaintiff's present proceedings. It was a phase of the original divorce case over which the court retained a continuing jurisdiction. The provision as to the care and maintenance of the minor child in the original decree expressly provided that it was "until the further order of this court." The provisions in the original decree were not *res judicata* of the instant proceedings. As above noted, defendant was timely served with a copy of plaintiff's petition and notice of the time and place of hearing. This

is all that is required under the rules and practice of courts in this jurisdiction. Further, defendant was not, by the reference to the friend of the court, deprived of a hearing before the trial court. Instead a full and fair hearing before the court was afforded defendant as to the action the trial court would take in considering the recommendations of the friend of the court and such testimony as the trial court might see fit to take. The practice and procedure followed in the instant case is fully justified by statutory provisions. See 3 Comp. Laws 1929, § 12783 *et seq.,* as amended (Comp. Laws Supp. 1940, 1943, § 12783 *et seq.,* Stat. Ann. 1944 Cum. Supp. § 25.171 *et seq.*). We are not in accord with defendant's contention that for the reason hereinbefore noted—*i.e.,* denial of due process, the cited statute is unconstitutional.

Appellant also assigns as reasons in support of his appeal that the circuit judge and the friend of the court were disqualified by reason of "personal bias and prejudice," and because the friend of the court was "financially interested," since he receives compensation for his services as a public officer. These and other reasons assigned in support of this appeal have been given careful consideration and, under the record in the instant case, found to be without merit.

The decree, as amended by the trial court, is affirmed, with costs of this Court to appellee.

STARR, C. J., and WIEST, BUSHNELL, SHARPE, BOYLES, and REID, JJ., concurred. BUTZEL, J., did not sit.