### KRACHUN *v.* KRACHUN.

1. APPEAL AND ERROR—CHANCERY CASES—DE NOVO HEARING—FIND-
INGS OF THE CIRCUIT JUDGE.

   The Supreme Court hears appeals in chancery cases *de novo* on
   the record and gives great weight to the findings of facts of
   the circuit judge.

2. DIVORCE—ENFORCEMENT OR AMENDMENT OF DECREE—DISCRETION
OF COURT.

   Considerable discretion is vested in the trial court in handling
   the question of enforcement or amendment of his own decrees
   in suits for divorce (CL 1948, § 552.17).

3. SAME—MODIFICATION OF DECREE—REPORT OF FRIEND OF THE COURT
—EVIDENCE.

   The report of the friend of the court, made in proceedings to
   modify a decree of divorce, is authorized for the consideration
   of the circuit judge and, while not generally admissible in
   evidence, may, by agreement of all parties, be accepted in
   evidence as constituting an agreed statement of facts or
   record of testimony (CL 1948, § 552.253).

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 2 Am Jur, Appeal and Error § 2.
[1] 3 Am Jur, Appeal and Error § 815.
[2] 17 Am Jur, Divorce and Separation §§ 737, 772.
[2–4] 17 Am Jur, Divorce and Separation § 466.
[4] 17A Am Jur, Divorce and Separation §§ 861–863.

4. Same—Modification of Decree—Report of Friend of the Court
   —Evidence.

   Order of trial court modifying decree of divorce so as to cancel
   arrearages in payment for support of child, based upon report
   of friend of the court, is reversed, where record on appeal fails
   to indicate any agreement of the parties that such report con-
   stituted an agreed statement of facts or record of testimony
   and record does not contain any other testimonial support of
   the decree (CL 1948, § 552.253).

Appeal from Wayne; Culehan (Miles N.), J. Sub-
mitted October 9, 1958. (Docket No. 24, Calendar
No. 47,602.) Decided January 12, 1959.

Bill by Doris Krachun against Jack Krachun re-
sulted in decree of divorce. Petition by defendant
to cancel arrears and petition by plaintiff to increase
support money. On recommendation of friend of
court order entered cancelling arrears and denying
increase. Plaintiff appeals. Reversed and re-
manded for hearing.

*Rosin & Kobel,* for plaintiff.

*Benjamin Gantz* (*David Gooze,* of counsel), for
defendant.

Edwards, J. This is a divorce matter which comes
to us on appeal from the order of a Wayne county
circuit judge modifying a prior decree of divorce be-
tween the parties to cancel some $1,500 arrearage in
support payments for 1 child, which the defendant-
appellee had been ordered (and had failed) to make.
Although the Supreme Court hears such matters
*de novo* on the record, we give great weight to the
findings of facts of the circuit judge. *Hartka* v.
*Hartka,* 346 Mich 453; *Brugel* v. *Hildebrant,* 332
Mich 475; *Donaldson* v. *Donaldson,* 134 Mich 289.
We also recognize that considerable discretion is

vested in the chancellor in handling the question of enforcement (*Terry* v. *McClintock,* 41 Mich 492), or amendment of his own decrees (CL 1948, § 552.17 [Stat Ann 1957 Rev § 25.97]; *Huger* v. *Huger,* 313 Mich 158).

Our principal problem in this appeal is posed by the fact that while we deal here with 2 opposing petitions to modify, with pleadings showing a number of disputed questions of fact (including claims and denials of ability to pay and of fraudulent misrepresentation), at the same time we are confronted by a record which shows not a line of testimony, and one which contains nothing which can be construed as a stipulated or agreed statement of facts.

It is apparent that there was a hearing in this matter before the circuit judge in the sense of an oral argument upon the 2 conflicting petitions to modify. It may be assumed that the circuit judge took as facts upon which he based his decision those reported by the friend of the court in a full and competently-prepared report.

Such a report is authorized by statute for the consideration of the circuit judge. CL 1948, § 552.-253 (Stat Ann 1957 Rev § 25.173); *Metzinger* v. *Metzinger,* 310 Mich 335. It is not generally admissible in evidence. *Brugel* v. *Hildebrant, supra.* It may, however, *by agreement of all parties* be accepted in evidence as constituting an agreed statement of facts or record of testimony. *Bowler* v. *Bowler,* 351 Mich 398.

It is perhaps unnecessary to state that such agreement must be indicated in some definite fashion on the record. We find no such agreement recorded here.

Without further comment on the merits of the other issues which counsel seek to submit, we vacate the order modifying the decree, and remand for hear-

ing in accordance with this opinion. Costs to appellant.

DETHMERS, C. J., and CARR, KELLY, SMITH, BLACK, VOELKER, and KAVANAGH, JJ., concurred.