STROS v. STROS

Divorce—Child Support—Modification of Judgment—Friend of Court Report—Evidence.
The report of the Friend of the Court on which the trial court based its order modifying a judgment of divorce to increase the support for children is not admissible in evidence except by agreement of the parties; therefore, where the father filed objections to the recommendation of the Friend of the Court and no testimony was taken nor other evidence received at the hearing on the motion to modify the judgment that would substantiate the mother's claim that the father's earnings had increased, the order of modification is vacated because there was no evidentiary record as required in such proceedings.

Appeal from Macomb, Edward J. Gallagher, J. Submitted Division 2 April 17, 1970, at Detroit. (Docket No. 7,299.) Decided June 30, 1970.

Motion by Shirley Lois Stros, plaintiff, for modification of support provisions of a judgment of divorce from Richard P. Stros, defendant. Motion granted. Defendant appeals. Vacated and remanded.

*Potvin, Tunney & Lawrence,* for defendant.

Before: T. M. Burns, P. J., and Levin and Davidson,* JJ.

* Circuit judge, sitting on the Court of Appeals by assignment.

Reference for Points in Headnote
24 Am Jur 2d, Divorce and Separation § 844.

PER CURIAM. On August 9, 1965, a judgment of divorce was entered in this cause, which left the matter of permanent child support to be determined at a later date. An order was entered on January 10, 1966 providing that appellant be required to pay the sum of $45 weekly for the support of the parties' two minor children. The report of the friend of the court revealed that appellant was at that time earning $220.94 weekly and should be required to pay $61 weekly for support. Appellee's previous attorney had prepared a court order providing for payments in that amount, but that order was superseded by the court order of January 10, 1966.

Appellee, in her petition for modification, alleged that appellant was earning more money than she was at the time the order was entered; that the costs of living had increased and that more money was required to support the children as they grew older. The matter was referred to the Friend of the Court's office for investigation. The result of that investigation was that appellant's earnings were found to be "equal or in excess of" what they had been at the time of the previous investigation. The Friend of the Court recommended that he be required to pay the sum of $60 per week for support.

Appellant filed objections to this recommendation contending that there had been no change in circumstances. A hearing was had on the petition wherein no testimony was taken nor other evidence received that would substantiate appellee's claim. The court had the Friend of the Court's recommendation before it and granted appellee's motion to follow that recommendation and to modify the support accordingly.

We are asked to decide whether or not there was a sufficient change in circumstances to warrant a modification of the support order from $45 weekly to $60 weekly.

A change in the circumstances of the parents will warrant the modification of the support provisions of a divorce decree. CL 1948, § 552.17 (Stat Ann 1957 Rev § 25.97); *Gould* v. *Gould* (1924), 226 Mich 340. The change in circumstances must be shown on the record. *Meeker* v. *Harrington* (1968), 15 Mich App 125.

Increases in cost of living and of raising the children are proper matters for the court's consideration. They are to be considered, however, in relation to ability to pay, and evidence as to these factors must appear on the record. *Weller* v. *Weller* (1961), 363 Mich 363; *Herpolsheimer* v. *Herpolsheimer* (1947), 318 Mich 200.

The report of the Friend of the Court, on which modification is based, is not admissible in evidence, except by agreement of the parties. *Krachun* v. *Krachun* (1959), 355 Mich 167. Thus, there is no evidentiary record as required in proceedings to modify child support. *Ewald* v. *Ewald* (1968), 14 Mich App 665.

The order modifying the judgment of divorce is vacated and we remand for proceedings in conformity with this opinion.