CYMBAL v CYMBAL

1. DIVORCE—CHILD SUPPORT—MODIFICATION OF JUDGMENT.

   All relevant circumstances must be considered before granting an order for modification of child-support provisions of a judgment of divorce.

2. DIVORCE—CHILD SUPPORT—MODIFICATION OF JUDGMENT—CHANGE IN INCOME—FULL FINANCIAL DISCLOSURE.

   The trial court's ruling, on a motion for reduction of child-support payment provisions of a judgment of divorce, that change in income was the only relevant factor and refusal to compel a full financial disclosure by the movant constitute reversible error.

3. DIVORCE—CHILD SUPPORT—MODIFICATION OF JUDGMENT—CHANGED CIRCUMSTANCES—BURDEN OF PROOF.

   A reduction in income may be sufficient grounds for reduction of child-support payment provisions of a judgment of divorce but one seeking modification who is a businessman involved in complicated financial affairs must make a full financial disclosure to carry his burden of proof in showing a change of circumstances.

Appeal from Macomb, Frank E. Jeannette, J. Submitted Division 2 October 19, 1972, at Lansing. Decided October 26, 1972.

A motion by Theodore Cymbal, defendant, for modification of child support provisions of a judgment of divorce from Stella Cymbal, plaintiff, was

REFERENCES FOR POINTS IN HEADNOTES

[1] 24 Am Jur 2d, Divorce and Separation § 844 *et seq.*

[2] 24 Am Jur 2d, Divorce and Separation § 848.

[2, 3] Change in financial condition or needs of parents or children as ground for modification of decree for child support payments, 89 ALR2d 7.

[3] 24 Am Jur 2d, Divorce and Separation § 847 *et seq.*

granted. Plaintiff appeals. Reversed and original judgment reinstated.

*Traeger & Teicher,* for plaintiff.

*Soma & Oster,* for defendant.

Before: DANHOF, P. J., and BRONSON and T. M. BURNS, JJ.

PER CURIAM. The parties were divorced on June 20, 1969. The judgment provided that the defendant was to pay child support in the amount of $75 per week for each of the parties' three children. The defendant subsequently sought to have the judgment modified by reducing the amount of support. The trial court entered an order reducing the amount of support to $50 per week for each of the children and the plaintiff has appealed. We reverse.

The defendant's argument for a reduction in support was based on the contention that his income had dropped substantially. Counsel for the plaintiff contended that income was not the only relevant factor and sought to compel a full financial disclosure. The trial court ruled that income was the only relevant factor and refused to consider any other aspects of the defendant's finances. This ruling constitutes reversible error. A modification of a child support order must be based on changed circumstances. *Biddulph v Biddulph,* 23 Mich App 105 (1970); *Stros v Stros,* 25 Mich App 154 (1970). This means that all relevant circumstances must be considered. The defendant is an active businessman who is involved in complicated financial affairs. A failure to consider the defendant's financial status as a whole is clear error. *Travis v Travis,* 19 Mich App 128 (1969).

We also believe that the defendant failed to carry his burden of proof in showing changed circumstances. The record establishes only that the defendant's income may have fallen. The defendant refused to produce a full financial disclosure. In a proper case a reduction in income may be sufficient grounds for modifying a judgment. Indeed, in some cases a reduction in income would compel a modification. This case is not one involving a wage earner with no substantial assets. We have a businessman involved in complicated dealings. The defendant has revealed part of his finances and deliberately concealed the rest. He cannot be said to have carried his burden of proof.

The order appealed from is reversed and the original judgment is reinstated. Costs to the plaintiff.