McCARTHY v McCARTHY

OPINION OF THE COURT

1. DIVORCE—CHILD SUPPORT ALTERATIONS—PETITIONS—CHANGED CIR-
CUMSTANCES—BURDEN OF PROOF—RECORD—EVIDENCE.

A trial court can modify child support provisions contained in a
divorce judgment upon petition of either parent or the Friend
of the Court, but the petitioning party has the burden of
establishing a change in circumstances that would justify an
alteration of the divorce judgment; the record must reflect the
changes in circumstances and this change must be supported
by proven evidence before modification is warranted.

2. APPEAL AND ERROR—DIVORCE—DE NOVO REVIEW—FINDINGS OF
FACT—RECORD—BASIS OF FINDINGS.

Review of proceedings modifying a divorce judgment is *de novo*
with great weight being given to the trial judge's findings of
fact; but it is impossible to review *de novo* where the basis for
the court's findings were not received in evidence and not
recorded.

3. DIVORCE—CHILD SUPPORT MODIFICATION—MOTIONS—FRIEND OF
COURT RECOMMENDATIONS—EVIDENCE—STIPULATIONS—STAT-
UTES.

A trial judge may refer a pending motion for modification of child
support payments to the Friend of the Court for an investiga-
tion and recommendation and the court may consider the
report of the Friend of the Court in reaching its decision, but
the report is inadmissible as evidence unless all of the parties
agree otherwise (MCLA 552.253; MSA 25.173).

REFERENCES FOR POINTS IN HEADNOTES
[1, 4] 24 Am Jur 2d, Divorce and Separation §§ 844-848.
Power of court to modify decree for support, alimony, or the like
based on agreement of parties. 166 ALR 675.
Change in financial condition or needs of parents or children as
ground for modification of decree for child support payments. 89
ALR2d 7.
[2] 24 Am Jur 2d, Divorce and Separation § 423.
[3, 5] 24 Am Jur 2d, Divorce and Separation §§ 691, 692.

4. DIVORCE—CHILD SUPPORT MODIFICATION—CHANGED CIRCUMSTANCES
   —ALL CIRCUMSTANCES—INCOME.

   All relevant factors must be considered by a trial judge in
   determining whether there has been a sufficient change in
   circumstances to merit modification of a child support order;
   the isolated consideration of income alone is error.

CONCURRENCE IN RESULT BY M. F. CAVANAGH, J.

5. DIVORCE—CHILD SUPPORT MODIFICATIONS—FRIEND OF COURT REC-
   OMMENDATIONS—ADMISSIBILITY—SPECIFIC OBJECTIONS—STIPULA-
   TIONS.

   *A report of the Friend of the Court is admissible in evidence in
   an action for modification of child support payments where
   neither party specifically objects to its admission; express stipu-
   lation should not be required.*

Appeal from Oakland, Farrell E. Roberts, J.
Submitted December 13, 1976, at Lansing. (Docket
No. 27834.) Decided March 3, 1977.

Complaint by Margaret McCarthy against Jack
D. McCarthy for divorce. Judgment for plaintiff
with an award for child support. Plaintiff moved
for modification of the support order. Modification
granted. Defendant appeals from the modification
order. Reversed and remanded.

*Keidan, Keidan, Gornbein & Kaplan* (by *Her-
schel P. Fink),* for plaintiff.

*McCauley & MacLeod,* for defendant.

Before: J. H. GILLIS, P. J., and M. F. CAVANAGH
and D. E. HOLBROOK, JR., JJ.

J. H. GILLIS, P. J. For what is generally thought
of as a routine procedure, this case presents us
with a complicated fact situation due to the proce-
dural irregularities which resulted in substantive
errors.

Plaintiff and defendant were divorced by a judgment entered on August 11, 1970, by the Oakland County Circuit Court. The judgment provided that defendant pay $50 per week child support for the minor child of the parties (who was then two years old) until the child attained the age of 18 or until the further order of the court.

On April 12, 1974, plaintiff filed a motion for modification of the judgment to increase the child support payments. In July of 1974 a hearing was held regarding said motion, and as a result the trial judge ordered a temporary increase of $5 per week retroactive to May 1, 1974. We have no record of that hearing. On November 25, 1974, plaintiff filed another motion requesting a permanent support modification. The hearing on this motion was scheduled for February 20, 1975. Rather than conduct the hearing, the trial judge held an unrecorded conference in his chambers. The attorneys for the parties were present, but they are in dispute as to what was agreed upon during the meeting in chambers. An order was issued, however, by the trial judge modifying the judgment of divorce and requiring defendant to pay $75 per week for support of his child. Apparently, the trial court based its order upon the Friend of the Court recommendation.[1]

On March 17, 1975, defendant filed a motion to set aside the modification order and for a rehearing of plaintiff's motion for modification on the grounds that the court had failed to conduct a hearing prior to the entering of said order. On September 22, 1975, the trial judge entered an order referring defendant's motion of March 17,

---

[1] Plaintiff insists that defendant agreed to the conditions of the order. The order reads "approved as to form" and we shall treat it as precisely that.

1975, to the Friend of the Court for a hearing by a referee and requiring that the transcript of the hearing be filed with the court.

On November 3, 1975, a hearing was held before Friend of the Court Hearing Referee Donald Tews. At this hearing testimony was taken from Assistant Friend of the Court, John Dunlop; defendant, Jack D. McCarthy; defendant's father, George D. McCarthy; and plaintiff, Margaret McCarthy. Subsequently, Hearing Referee Tews filed his finding with the court and recommended that the court affirm its previous order modifying the child support payments.

On February 6, 1976, the trial court heard oral arguments relative to defendant's rehearing motion. Reference was made to the Friend of the Court transcript. No objection was made by either party. The trial judge then ruled that defendant's rehearing motion was denied and that the original modification order was to remain in effect. Defendant appeals as of right.

The law regarding divorce judgments and modifications thereof is well defined. Upon petition of either parent or the Friend of the Court a trial court can, in its discretion, modify child support provisions contained in a divorce decree. MCLA 552.17; MSA 25.97, *Polley v Polley,* 367 Mich 455; 116 NW2d 924 (1962), *Spalding v Spalding,* 355 Mich 382; 94 NW2d 810 (1959). The petitioning party has the burden of establishing a change in circumstances that would justify an alteration of the divorce judgment. *Hentz v Hentz,* 371 Mich 335; 123 NW2d 757 (1963), *Cymbal v Cymbal,* 43 Mich App 566; 204 NW2d 235 (1972), *Stros v Stros,* 25 Mich App 154; 181 NW2d 26 (1970).

Review of the trial court is *de novo;* however, great weight is to be given to the trial judge's

findings of fact. *Krachun v Krachun,* 355 Mich
167; 93 NW2d 885 (1959), *Haskins v Haskins,* 11
Mich App 487; 161 NW2d 415 (1968). In order to
aid the trial court in making its determination,
the judge may refer the pending motion to the
Friend of the Court for an investigation and rec-
ommendation. MCLA 552.253; MSA 25.173. The
trial judge may consider the report in reaching his
decision, but the report is inadmissible as evidence
unless all of the parties agree otherwise. *Krachun
v Krachun, supra, Stros v Stros, supra, Haskins v
Haskins, supra.*

Although the law is clear, due to procedural
irregularity, we are presently faced with questions
to which the answers must be found between the
legal guidelines.

There is no question that the trial court erred in
its modification order of February 26, 1975, both
procedurally and substantively. The order was
made without a hearing and there was no agree-
ment expressed or implied to allow the court to
utilize solely the Friend of the Court's recommen-
dation. *Krachun v Krachun, supra, Stros v Stros,
supra.* Additionally, the recommendation was
based totally upon the fact of defendant's increase
in salary. All relevant factors are to be considered
in determining whether there has been a sufficient
change in circumstances. *Cymbal v Cymbal, supra,
Stros v Stros, supra.* The isolated consideration of
income is error. *Cymbal v Cymbal, supra.*

The question then becomes, did the subsequent
Friend of the Court hearing cure the above error?
Although given a different set of circumstances we
may hold differently, in the present case we find
that due to a combination of factors, the error was
not cured.

It is unclear upon what factors the trial court

based its decision to affirm the original order. Regardless of whether the judge relied upon the oral arguments of the parties, the hearing transcript, or the referee's recommendation, we find error.

There is no evidence of an agreement by the parties or a ruling by the judge allowing the Friend of the Court proceedings to be admitted into evidence. The trial judge merely stated without reason that the original order was to remain in effect. "It is impossible to review *de novo* when the basis of the court's finding was not received in evidence and is not on the record." *Haskins v Haskins, supra,* at 491.

Assuming *arguendo* that we treat the hearing transcript and referee's recommendation as evidence, we still find error. The transcript provides voluminous testimony regarding defendant's indebtedness, which was derived from various sources, his educational background and salary increases. Plaintiff testified as to her estimate of the cost of raising her child, that being between $6,000 and $7,000. We find no proof on the record to support this estimate. Additionally, there is no evidence as to what the circumstances were previously and how they have in fact changed. The record must reflect a change in circumstances, *Stros v Stros, supra,* and this change must be supported by proven evidence in order to warrant a modification order. *Ewald v Ewald,* 14 Mich App 665; 166 NW2d 49 (1968). Thus, the transcript does not demonstrate a change in circumstances.

The referee's recommendation reads as follows:

"The defendant continues to live in the upper middle class, and there would seem to be no reason why we should deny this to his son. The indebtedness of the defendant was voluntarily incurred, and although it

may cause him concern, should not be a factor in reducing the amount he should pay. The order of February 26, 1975, was not excessive.

"RECOMMENDATION: That the court affirm the order of February 26, 1975, requiring the payment of $75.00 per week child support."

In view of the foregoing it is clear that the referee interpreted the question as being: Did the defendant demonstrate a change justifying a reduction of child support payments? This placed the burden upon the defendant. If this rehearing is to be considered as one correcting a previous error, then the burden must remain on plaintiff to demonstrate a change in circumstances so as to warrant an increase in payments. Therefore, if the trial judge relied upon the referee's recommendation in reaching his decision, he committed error, as the burden was thrust upon the wrong party at the hearing.

In conclusion, we hold that the in-chambers discussion with no record of a hearing resulted in reversible error. We further hold that the trial court's failure to conduct a hearing and its reliance upon a defective recommendation by the Friend of the Court was not cured by the subsequent proceedings where the trial judge did not place on the record the basis for his decision in compliance with GCR 1963, 517.1. The hearing transcript, if considered evidence, is unsupported, and the referee's recommendation put the burden of proof improperly upon defendant to show a change of circumstances.

For the foregoing reasons, we reverse the trial court and remand to the trial court for a hearing on plaintiff's motion. Due to a lapse of time, it will be necessary for plaintiff to establish a change of circumstances as of the present time. The trial

court should determine whether another judge should hear this matter in light of the history of this case. We retain no jurisdiction.

Reversed. Costs to appellant.

D. E. Holbrook, Jr., J., concurred.

M. F. Cavanagh, J. *(concurring)*. I concur in the result reached by the majority opinion. However, I would rely on *Bowler v Bowler,* 351 Mich 398; 88 NW2d 505 (1958), and the legislative intent of the Child Custody Act of 1970, MCLA 722.27; MSA 25.312(7), as authority for the proposition that where neither party specifically objects to the Friend of the Court report, it is admissible in evidence. It makes little sense to me to hold that the report, which is authorized by statute, is reviewed and considered by the trial court, and is often times the most significant factor in a trial judge's custody determination, cannot become a part of the record except by express stipulation of the parties.