ANDRIS v ANDRIS

1. DIVORCE—JUDGMENT—CHILD SUPPORT ALTERATIONS—PETITIONS—
   CHANGED CIRCUMSTANCES—BURDEN OF PROOF—STATUTES.

   A trial court may modify child-support provisions contained in a
   divorce judgment upon petition of either parent or the Friend
   of the Court, but the petitioning party has the burden of
   establishing a change in circumstances that would justify an
   alteration of the divorce judgment (MCLA 552.17, 722.27; MSA
   25.97, 25.312[7]).

2. APPEAL AND ERROR—DIVORCE—MODIFICATION OF DIVORCE DECREE—
   DE NOVO REVIEW—EVIDENCE—WITNESSES.

   An appeal from an order modifying child-support provisions in a
   divorce judgment is heard *de novo* on the record, but grave
   consideration is given to the findings of the trial court who has
   a better opportunity to appraise the evidence and the credibil-
   ity of the witnesses; the reviewing court ought not to reverse
   the determination of the trial court in such a case, unless
   convinced that it must have reached a different conclusion had
   it occupied the position of the lower court under like circum-
   stances.

3. DIVORCE—JUDGMENT—CHILD SUPPORT—MODIFICATION OF SUPPORT
   —CHANGES IN CIRCUMSTANCES—APPEAL AND ERROR.

   A modification of a child-support order in a divorce judgment
   which was based on changes in circumstances should not have
   been granted where the changes in circumstances shown by the
   party seeking modification could not be considered changes
   because they had been anticipated by the parties in reaching a
   property settlement before the judgment of divorce was
   granted.

Appeal from Wayne, Michael L. Stacey, J. Sub-
mitted June 15, 1977, at Detroit. (Docket No.
29647.) Decided August 23, 1977.

REFERENCE FOR POINTS IN HEADNOTES
[1–3] 24 Am Jur 2d, Divorce and Separation §§ 683, 687, 707, 844–853.

Complaint by Thomas R. Andris against Elizabeth A. Andris for a divorce. Judgment for plaintiff. Defendant moved for modification of a support order. Modification granted. Plaintiff appeals. Reversed.

*Williams, Schaefer, Ruby & Williams,* for plaintiff.

*Robbins & McKenzie,* for defendant.

Before: R. M. Maher, P. J., and N. J. Kaufman and F. J. Borchard,* JJ.

Per Curiam. Plaintiff appeals as of right from an order dated July 14, 1976, modifying a judgment of divorce which increased plaintiff's child support obligation from $33 per week to $80 per week for each of his three minor children.

The parties were married on May 15, 1961. In October, 1973, plaintiff filed an action for divorce in Wayne County Circuit Court. After lengthy negotiations, he agreed as part of the property settlement to pay his wife, *inter alia,* the following:

1. Mortgage payments of approximately $550 per month until her death or remarriage. (Marital home and furnishings awarded to defendant.)

2. Alimony of $100 per week until her death or remarriage.

3. Additional alimony of $200,000 to be paid in yearly installments of $12,500 for a period of sixteen (16) years or until her death.

4. Child support of $33.33 per week for each of the three minor children of the parties, a total of $99.99 per week, until each reaches the age of 18

---

* Circuit judge, sitting on the Court of Appeals by assignment.

years. The plaintiff's total obligation for these provisions was about $25,500 per year or $500 per week. Plaintiff was also obligated to pay the children's college and medical expenses and defendant's medical expenses.

The plaintiff's gross salary at the time of the divorce action was $18,200 per year. It was limited because of restrictions imposed by the Bank of the Commonwealth to which plaintiff's company owed substantial sums of money. Plaintiff alleged that it was understood by all involved, including his wife, her counsel, the Friend of the Court, and the trial judge, that after the entry of the judgment of divorce he was going to submit an application to the bank to increase his gross salary to $52,000 per year in order to eliminate the deficit caused by the property settlement. Plaintiff claims that his intentions were placed on the record during hearings held on April 24, 1975, before the Friend of the Court referee and on April 25, 1975, before the trial judge. At a hearing on July 7, 1976, on defendant's motion for an increase in child support, the trial court was reminded that plaintiff's plans had been made known before the judgment of divorce was entered. The only transcript filed with this appeal, that of the July 7, 1976, hearing, supports the plaintiff's claim.

Plaintiff's formal request to the bank was granted and his salary was increased immediately after the judgment of divorce was entered in May, 1975.

In February, 1976, defendant's remarriage terminated the $100 per week alimony and the $550 monthly mortgage payment. Her marriage did not affect the $12,500 annual alimony.

In March, 1976, defendant filed a motion to modify the judgment of divorce, seeking to in-

crease plaintiff's child support obligation to $125 per week per child on the grounds that the needs of the three minor children had increased along with her ex-husband's ability to pay.

After investigation, the Friend of the Court recommended that the defendant's motion be denied because it appeared that both parties had anticipated the plaintiff's increase in income. Defendant objected to the recommendation and a hearing on the motion was held July 7, 1976.

The trial judge found that plaintiff's salary had increased to $52,000 per year, that his mortgage payments and part of his alimony payments had been terminated and that he received "certain benefits" from his employer. Because of the "totality of these changes" the court concluded a modification in child support was justified and increased plaintiff's obligation to $80 per week per child.

The sole question before this Court is whether the defendant has proven sufficient changes in circumstances to justify the trial court's decision to increase the plaintiff's child support obligation.

Under MCLA 552.17; MSA 25.97, the court may, on the petition of either parent, revise the child support provisions in a decree as the circumstances of the parents and the benefit of the children shall require.

MCLA 722.27; MSA 25.312(7) provides in pertinent part:

"If a child custody dispute had been submitted to a circuit court as an original action under this act or has arisen incidentally from other actions therein or orders or judgments thereof, for the best interests of the child the court may:

\* \* \*

"(c) Modify or amend its previous judgments or orders *for proper cause shown or because of change of circum-*

*stances* until the child reaches the age of 18 years or in exceptional circumstances, until the child reaches majority." (Emphasis added.)

In *McCarthy v McCarthy,* 74 Mich App 105, 108; 253 NW2d 672 (1977), this Court said:

"The law regarding divorce judgments and modifications thereof is well defined. Upon petition of either parent or the Friend of the Court a trial court can, in its discretion, modify child support provisions contained in a divorce decree. [Citations omitted.] The petitioning party has the burden of establishing a change in circumstances that would justify an alteration of the divorce judgment. *Hentz v Hentz,* 371 Mich 335; 123 NW2d 757 (1963), *Cymbal v Cymbal,* 43 Mich App 566; 204 NW2d 235 (1972), *Stros v Stros,* 25 Mich App 154; 181 NW2d 26 (1970)."

Moreover, *Hensley v Hensley,* 357 Mich 3, 5-6; 97 NW2d 615 (1959), neatly sets forth the standard of review:

"This being an appeal from a chancery decree, we hear it *de novo* on the record, necessarily according grave consideration to the findings of the trial court, however, who manifestly has the better opportunity to appraise the evidence and the credibility of the witness. As we said in *Gorton v Gorton,* 316 Mich 375, 382 [25 NW2d 565 (1947)] and prior cases:

" ' "The reviewing Court ought not to reverse the determination of the trial court in such a case, unless convinced that it must have reached a different conclusion had it occupied the position of the lower court, under like circumstances." ' "

In the instant case it appears that the trial court based its decision on three changes in circumstances: First, plaintiff's increase in income; second, plaintiff's receipt of certain fringe benefits;

and third, the termination of some of plaintiff's property settlement obligation because of defendant's remarriage.

We find that had we occupied the position of the lower court, we would not have considered these changes because they had been anticipated by the parties. They formed the basis around which the property settlement was reached and were made known to the court when the judgment of divorce was entered.

Defendant's motion to modify the child support payment alleged that the needs of the children had increased and the ability of the plaintiff to pay had increased. Aside from the anticipated changes which we find cannot be taken into consideration, the record contains absolutely no evidence on this matter. It cannot be said that defendant carried her burden of proof as to this allegation.

Reversed.