GRAYBIEL v GRAYBIEL

Docket No. 45457. Submitted April 23, 1980, at Detroit.—Decided
    July 23, 1980.

Allan C. Graybiel, plaintiff, and Yvonne L. Graybiel, defendant,
were divorced on March 6, 1978. Subsequently, defendant filed
a motion to modify the divorce judgment, requesting an in-
crease in alimony, payment for her prescriptions for orthopedic
stockings, deletion of marriage as a condition for termination of
alimony, and a modification of the property settlement to
include an interest in the plaintiff's pension fund.

The Lenawee Circuit Court, Kenneth B. Glaser, Jr., J., denied
the request to modify the property settlement but did increase
alimony, deleted the word remarriage as a condition for termi-
nating alimony, and ordered the plaintiff to pay the defendant's
optical expenses and prescription orthopedic stockings in addi-
tion to other medical expenses. The plaintiff appeals from this
modification. *Held:*

1. Modification of a divorce judgment may only rest on new
facts, or changed circumstances arising since the judgment,
which justify the revision.

2. Prior to modifying a divorce judgment, all relevant circum-
stances of the parties must be considered by the judge, includ-
ing full financial disclosure of both parties.

3. The burden of proving changed circumstances, including a
deteriorating mental condition, is on the party seeking the
alimony modification and evidence supporting a finding of
changed circumstances must appear in the record.

4. The property settlement provisions of a final divorce
decree may not be modified except for fraud or for other such
causes as any other decree may be modified.

5. The standard for review of divorce judgment modifications

REFERENCES FOR POINTS IN HEADNOTES
[1-5] 24 Am Jur 2d, Divorce and Separation §§ 423, 909.
    46 Am Jur 2d, Judgments §§ 679, 699.
[2] 24 Am Jur 2d, Divorce and Separation §§ 620, 631-633.
[3] 24 Am Jur 2d, Divorce and Separation § 676 *et seq.*
[5] 4 Am Jur 2d, Appeal and Error § 135.

is *de novo,* and an appellate court must exercise its independent judgment in reviewing the evidence. However, this does not preclude the Court of Appeals from giving "grave consideration" to findings made by the trial court. Once a trial court has modified a divorce judgment, the Court of Appeals will not disturb such a decision unless it is convinced it would have reached a different conclusion if it were in the trial judge's place.

6. The sole changed circumstance here is plaintiff's $4,700 salary increase, which is not sufficient ground for the substantial increase of defendant's alimony award under the circumstances presented to the court.

Reversed and the original judgment reinstated.

1. DIVORCE — MODIFICATION OF JUDGMENTS — NEW FACTS.

Modification of a divorce judgment may only rest on new facts or changed circumstances arising since the judgment which justify the revision.

2. DIVORCE — MODIFICATION OF JUDGMENTS — FINANCIAL DISCLOSURE.

Prior to modifying a divorce judgment all relevant circumstances of the parties must be considered by the judge, including full financial disclosure of both parties.

3. DIVORCE — MODIFICATION OF JUDGMENTS — ALIMONY — CHANGED CIRCUMSTANCES — BURDEN OF PROOF.

The burden of proving changed circumstances, including a deteriorating mental condition, is on the party seeking an alimony modification, and evidence supporting a finding of changed circumstances must appear in the record.

4. DIVORCE — PROPERTY SETTLEMENT — MODIFICATION — FRAUD.

The property settlement provisions of a final divorce decree may not be modified except for fraud or for other such causes as any other decree may be modified.

5. DIVORCE — MODIFICATION OF JUDGMENTS — APPEAL — STANDARD OF REVIEW.

The standard for review of divorce judgment modifications is *de novo* and an appellate court must exercise its independent judgment in reviewing the evidence; however, this does not preclude the Court of Appeals from giving "grave consideration" to findings made by the trial court, and once a court has modified a divorce judgment, the Court of Appeals will not disturb such a decision unless it is convinced it would have

reached a different conclusion if it were in the trial judge's place.

*Norman N. Robbins,* for plaintiff.

*Koselka & Koselka,* for defendant.

Before: V. J. BRENNAN, P.J., and S. J. BRONSON and H. E. DEMING,* JJ.

V. J. BRENNAN, P.J. After 40 years of marriage the parties were divorced on March 6, 1978, following a trial in Lenawee County Circuit Court. The parties entered into a written property settlement on February 15, 1978, which provided that plaintiff was to pay monthly alimony to the defendant in the amount of $1,575. In addition, plaintiff was required to pay the defendant's "reasonable necessary hospital, medical, dental, psychological, psychiatric or counselling bills". Finally, these expenses were contingent on the defendant's not remarrying.

Defendant filed a motion to modify the judgment requesting an increase in alimony, payment for defendant's prescriptions for orthopedic stockings, deletion of marriage as a condition for termination of alimony, and a modification of the property settlement requesting an interest in the plaintiff's pension fund. Following a full day of hearing, the trial court took the matter under advisement. In his subsequent decision, the trial court denied the request to modify the property settlement but did increase alimony from $18,900 to $30,000 per year; deleted the word remarriage as a condition for terminating alimony; and ordered plaintiff to pay defendant's optical expenses and prescription or-

---

* Circuit judge, sitting on the Court of Appeals by assignment.

thopedic stockings in addition to other medical expenses. Plaintiff appeals from this modification.

The authority of a trial court to modify the provisions of a previously issued divorce judgment is provided in MCL 552.28; MSA 25.106 which states:

"After a judgment for alimony or other allowance, for either party and children, or any of them, and also after a judgment for the appointment of trustees, to receive and hold any property for the use of either party or children as before provided the court may, from time to time, on the petition of either of the parties, revise and alter such judgment, respecting the amount of such alimony or allowance and the payment thereof, and also respecting the appropriation and payment of the principal and income of the property so held in trust, and may make any judgment respecting any of the matters which such court might have made in the original suit."

The standard for review of divorce judgment modifications is de novo, *Eigner v Eigner,* 79 Mich App 189; 261 NW2d 254 (1977), and an appellate court must exercise its independent judgment in reviewing the evidence. *Bahr v Bahr,* 60 Mich App 354, 360; 230 NW2d 430 (1975). However, this standard does not preclude this Court from giving "grave consideration" to findings made by the trial court. *Hensley v Hensley,* 357 Mich 3, 5; 97 NW2d 615 (1959), *McCarthy v McCarthy,* 74 Mich App 105; 253 NW2d 672 (1977). Once a trial court has modified a divorce judgment, this Court will not disturb such a decision unless it is convinced it would have reached a different conclusion if it were in the trial judge's place. *Cullimore v Laureto,* 66 Mich App 463; 239 NW2d 409 (1976), *Andris v Andris,* 77 Mich App 715, 719; 259 NW2d 203 (1977). In addition, the party moving for modi-

fication has the burden of showing sufficiently changed circumstances to warrant modification. *Hentz v Hentz*, 371 Mich 335; 123 NW2d 757 (1963), *Andris v Andris, supra*. In evaluating a petition to modify a divorce judgment, all pertinent factors surrounding the petition must be considered. *McCarthy v McCarthy, supra, Cymbal v Cymbal*, 43 Mich App 566; 204 NW2d 235 (1972). Finally, the evidence showing changed circumstances must appear in the record. *Weller v Weller*, 363 Mich 363; 109 NW2d 800 (1961), *Meeker v Harrington*, 15 Mich App 125; 166 NW2d 276 (1968).

Plaintiff argues that the trial court erroneously modified the judgment in six areas. We agree as to five.

First, plaintiff points to the trial court's approximately 58 per cent increase in alimony awarded defendant based on plaintiff's seven per cent raise. The trial court found plaintiff's gross income to be $64,200 with an additional $3,000 in appraisal fees. This total of $67,200 represented a $4,700 increase from plaintiff's total gross income of $62,-500 at the time of the divorce. The trial court, however, concluded that plaintiff's *"real* income is [was] $70,000 to $80,000 not counting his retirement". The trial court apparently relied upon the rental value of plaintiff's car, $321.55 per month or $3,857.50 per year, plus other benefits in computing plaintiff's "real" income.

Modification of a divorce judgment may only rest on new facts or changed circumstances arising since the judgment which justify the revision. *Hettiger v Hettiger*, 37 Mich App 431; 195 NW2d 10 (1971). The rental value of plaintiff's automobile was an economic benefit which existed at the time of the original divorce judgment and thus does not

constitute a new fact or changed circumstance. Accordingly, the trial court's modification of alimony based upon its finding that plaintiff's *"real"* income was between $70,000 and $80,000 was also clear error where this new figure did not represent a new fact or changed circumstance but rather a different method of calculating plaintiff's income at the time of the judgment. The sole changed circumstance was plaintiff's $4,700 salary increase. This salary increase alone, however, is not under the circumstances presented sufficient ground for the substantial increase of defendant's alimony award. See *Burr v Burr,* 313 Mich 330, 333; 21 NW2d 150 (1946).

Plaintiff also claims as error the lower court's failure to consider the interest value of the property settlement awarded defendant as bearing on her actual need. As part of the negotiated property settlement, the defendant received $50,579.43 in cash and interest; $2,592.58 representing a one-half interest in a promissory note executed to the plaintiff; two insurance policies with a cash value totalling $25,745.84; and a bank account with a balance of $661.35.[1]

In *Esslinger v Esslinger,* 9 Mich App 11, 21; 155 NW2d 702 (1967), this Court found interest on a $30,000 share of property could be used to determine a wife's need for alimony. In *Cymbal v Cymbal, supra,* the trial court improperly modified a judgment of divorce without requiring full financial disclosure. A review of the transcript and the record in the instant case discloses no information as to the investment or interest income from the

---

[1] Defendant also received $38,663 in cash as her share of the proceeds from the sale of the marital home in addition to the $25,016 which she had in her personal savings account at the time of the divorce.

defendant's property settlement.[2] A clear error was thus committed here where the *Cymbal* Court's requirement that "all relevant circumstances" be considered was not met.

Plaintiff also correctly contends that the lower court erred when it used a $600 monthly rental fee as a justification for modifying alimony. We agree.

Mrs. Graybiel purchased her home from the $38,663 which she received from the proceeds of the sale of the marital home awarded her in the original property settlement. Thus, the defendant has no rental or mortgage payments for which the plaintiff should be liable. Also, the required maintenance, tax, utility and redecoration costs necessary to make defendant's home equivalent to the marital home were specifically provided for in the lower court's judgment. Where these costs were separately allocated to the plaintiff and the defendant's home is fully paid for, the trial court incorrectly ordered the plaintiff to pay alimony covering rental value.

Plaintiff also claims that a $2,388 annual allowance to cover defendant's car payments constitutes an adjustment of the parties' property settlement. Since the rental cost of a car was included as part of the original alimony award, and testimony indicated that defendant had a continuing need for automobile transportation, the trial court committed no abuse of discretion in basing a portion of its modified award on the need for a car.[3]

---

[2] If defendant invested her $79,579.20 share in a regular savings account with interest accruing at an annual rate of 5%, her yearly interest rate would be $3,978.96.

[3] Plaintiff would actually pay less alimony for defendant's automobile needs under the modified judgment. In the original opinion defendant was entitled to $321.55 per month for automobile rental totalling $3,858.60 yearly. The total automobile expense and allocation of the modified award indicated a yearly total of $3,813.

Plaintiff further claims that the trial court abused its discretion when, without a showing of changed circumstances, it struck from the original divorce judgment the clause terminating defendant's alimony if she remarried.

The trial court gave the following explanation for its decision modifying this clause of the judgment of divorce:

"As to the provision for the Alimony to automatically terminate upon re-marriage, the Court is unable to recall why the different decision was reached in the Opinion, from the prior conferences, as noted in Page 2 of Defendant's Trial Brief. In any case, the deterioration of Defendant's emotional condition appears to make it even more important for Defendant to remarry if possible and she should not be deterred by monetary considerations. Therefore, the automatic termination on remarriage in the alimony provision will be eliminated and the Court will decide that, on Motion of Plaintiff, if and when a remarriage of Defendant occurs."

The burden of proving changed circumstances, including a deteriorating mental condition, is on the party seeking the alimony modification. *Hentz v Hentz, supra.* And evidence supporting a finding of changed circumstances must appear in the record. *Slater v Slater,* 327 Mich 569; 42 NW2d 742 (1950).

Our review of the record does not indicate that defendant's medical state has worsened. The lower court's original finding as to the defendant's depressed emotional state which accompanied the judgment of divorce was made in part based upon deposition testimony by the defendant's physician. However, no medical testimony was presented at the modification hearing. In the absence of medical or other qualified opinion, we find that defendant failed to sustain her burden. Also, the courts are

reluctant to require the divorced spouse, here the husband, to support the wife's new husband and himself.

Finally, defendant, as cross-appellant, contends that the lower court erred reversibly when it refused to modify the parties' property settlement. Defendant claims that since she only entered into the settlement after the lower court stated its intent to make an approximately equal division of property if no outside agreement was reached, she was prohibited from gaining her rightful share of plaintiff's vested pension right.

It has become a settled rule of law that a divorce decree which has become final may not have its property settlement provisions modified except for fraud or for other such causes as any other decree may be modified. *Pierson v Pierson*, 351 Mich 637, 645; 88 NW2d 500 (1958). *Zamfir v Zamfir*, 92 Mich App 170; 284 NW2d 517 (1979). In this case plaintiff does not claim fraud but rather lack of actual consent. Defendant suggests that the trial court's expressed "basic philosophy", an approximate equal division of property if no outside agreement were reached, "handcuffed" her in the negotiation process because of the trial judge's articulated position that plaintiff should retain his full pension interest.

Our review of the statements made after the original trial[4] and at conference[5] indicate that the

---

[4] Defendant's attorney summarized the in-chambers discussion as follows:

"Q. THE COURT: Okay Mr. Koselka, anything you want to add to that or change on that?

"MR. KOSELKA: Yes, your Honor. I think we should go into some of the reasons and I think we should make it clear that as I understood it the Court said that we were getting the Court's thinking at this time which is a basic philosophy that will be applied but as to particulars that any of these particulars could be changed.

"The Court wasn't affixed on the particulars.

"The Court considers, for example, that it was a long marriage of

parties were free to negotiate an alternative property settlement. No coercion was applied by the trial court and the parties remained free at all times to agree on a disposition of property differing from the court's articulated view. Defendant's allegation is without merit and the trial court's implementation of the agreement was not an abuse of discretion as defined in *Spalding v Spalding,* 355 Mich 382; 94 NW2d 810 (1959).

The order appealed from is reversed and the original judgment is reinstated.

thirty-seven (37) years that the parties had humbled beginning things and had accumulated these things together and the Court was going to give a 50-50 property settlement based on those figures."

[5] The trial court made the following statements at conference:

"MR. MACK: Am I correct in assuming this will be a part of the record?

"THE COURT: Yes this will be transcribed and it will be put in the file and if I change my mind on that which I don't think I will I have thought about it enough so I think I am to where I am now. I don't care, you know, if they make an agreement they can go anyway they want to. I don't care. That doesn't mean that she has to have the cabin upnorth [sic] for me to approve it or something or anything else if she agrees to something else and signs her name to it why that's okay with me."