ZAMMITT v ZAMMITT

Docket No. 52196. Submitted March 11, 1981, at Detroit.—Decided
       May 20, 1981.

       Plaintiff, Charles Zammitt, Jr., and defendant, Deborah Zammitt,
           were divorced by a consent judgment in Wayne Circuit Court
           and plaintiff was ordered to pay child support of $120 per week
           for each of the couple's two minor children. Plaintiff later filed
           a motion for modification of child support payments and defen-
           dant filed a motion for an order to show cause for failure to pay
           child support. Plaintiff failed to appear for the hearing on the
           motion to modify child support but his attorney was present
           and informed the court that plaintiff had remarried, lost his job
           and moved to Nevada. The court was also informed that $2,400
           in arrearages had accrued against plaintiff. The attorney then
           requested an evidentiary hearing by the friend of the court.
           The court denied the request for the evidentiary hearing and
           denied the motion to modify the child support order, John M.
           Wise, J. Plaintiff appeals. *Held:*

       1. Plaintiff's claim that the trial court erred by conditioning
           the granting of an evidentiary hearing on the payment of
           arrearages is without support. Plaintiff's motion failed because
           of the absence of sufficient proof and the failure of the plaintiff
           to provide an evidentiary record which would support altering
           the support provisions.

       2. Contrary to plaintiff's assertion, the trial court did not
           adopt the friend of the court's recommendation as conclusive
           evidence on the matter of child support. The record shows that
           the court arrived at its own conclusions based on the answers

REFERENCES FOR POINTS IN HEADNOTES

[1, 3, 7] 24 Am Jur 2d, Divorce and Separation § 847.
   59 Am Jur 2d, Parent and Child § 56.
[2] 24 Am Jur 2d, Divorce and Separation § 848.
   Change in financial condition or needs of parents or needs of
       children as ground for modification of decree for child support
       payments. 89 ALR2d 7.
[4] 4 Am Jur 2d, Amicus Curiae §§ 3, 4.
[5, 6] 24 Am Jur 2d, Divorce and Separation § 844.
[8] 24 Am Jur 2d, Divorce and Separation § 852.

to questions posed to plaintiff's attorney and the fact that a satisfactory evidentiary record could not be developed in the absence of the plaintiff.

3. *Contempt proceedings* brought against plaintiff for failure to appear at the hearing to show cause are not properly within the purview of this claim of appeal.

Affirmed.

M. J. KELLY, J., dissented. He would set aside the trial court's order denying plaintiff's petition and remand the case for a hearing on its merits because, in his opinion, the court's order denying the petition should not have been entered without a hearing to examine and make findings of fact in support of the requested modification.

OPINION OF THE COURT

1. PARENT AND CHILD — CHILD SUPPORT — MODIFICATION OF SUPPORT.

There must be a change in circumstances reflected on the record and supported by proven evidence before modification of a child support order is warranted.

2. PARENT AND CHILD — CHILD SUPPORT — MODIFICATION OF SUPPORT.

A court need not reduce child support payments solely for the reason that the party making payments has had a reduction in income.

3. PARENT AND CHILD — CHILD SUPPORT — MODIFICATION OF SUPPORT.

All relevant factors must be considered before a court can reduce child support payments.

4. PARENT AND CHILD — CHILD SUPPORT — MODIFICATION OF SUPPORT — FRIEND OF THE COURT — STATUTES.

Admission of friend of the court's reports is not allowed by statute in proceedings to modify judgments concerning the rights of dependent minor children unless all parties agree to the admission; the statute is not violated, however, where a report is admitted but the record shows that the court did not rely on the report in reaching its decision (MCL 552.253; MSA 25.173).

DISSENT BY M. J. KELLY, J.

5. PARENT AND CHILD — CHILD SUPPORT — MODIFICATION OF SUPPORT — STATUTES.

*A trial court is statutorily empowered to modify previously entered child support orders upon a properly filed petition by*

*either parent or the friend of the court (MCL 552.17; MSA 25.97).*

6. PARENT AND CHILD — CHILD SUPPORT — MODIFICATION OF SUPPORT.

   *The decision on a petition for modification of a child support order has been held to be in the discretion of the trial court.*

7. PARENT AND CHILD — CHILD SUPPORT — MODIFICATION OF SUPPORT
   — BURDEN OF PROOF.

   *The party petitioning for a modification of a child support order has the burden of presenting evidence which establishes a change in the circumstances that would justify an alteration of the divorce judgment provisions as to child support.*

8. PARENT AND CHILD — CHILD SUPPORT — MODIFICATION OF SUPPORT
   — EVIDENTIARY HEARING.

   *A court must hold an evidentiary hearing of its own or, when both parties agree, adopt the facts in the friend of the court's report prior to making a decision on a petition to modify a child support order.*

*Bayer, Goren, Gornbein, Gropman & Kaplan, P.C.,* for plaintiff.

*Lippitt, Harrison, Perlove, Friedman & Zack,* for defendant.

Before: V. J. BRENNAN, P.J., and M. J. KELLY and D. C. RILEY, JJ.

PER CURIAM. Plaintiff appeals as of right from an order of the trial court denying his motion to modify child support payments.

On June 15, 1979, a consent judgment of divorce was entered in Wayne County Circuit Court. In addition to other matters, the judgment provided that plaintiff pay $120 per week, per child, for the support of two minor children.

Subsequently, plaintiff filed a motion for modification of child support payments and soon thereafter the defendant wife filed a motion for order to show cause for failure to pay child support. The

plaintiff was ordered to appear on the order to show cause on May 30, 1980.

Following the filing of the friend of the court's report and recommendation, on May 23, 1980, a hearing on plaintiff's motion to modify child support was held before Judge John M. Wise. The plaintiff was not present at the hearing. His attorney advised the court that plaintiff had remarried, lost his job and had moved to Nevada. In addition, the attorney advised the court that since his client's employment in a family-owned business had been terminated, an arrearage of $2,400 had accrued in the plaintiff's support payments. Finally, the attorney requested an evidentiary hearing by the friend of the court. Judge Wise denied the motion to modify.

Plaintiff's first claim of error is that the trial court conditioned the granting of an evidentiary hearing regarding plaintiff's motion to modify child support on payment of arrearages. In so framing the issue, we believe the plaintiff distorts the facts. Before modification is warranted, the record must reflect a change in circumstances and this change must be supported by proven evidence. *Andries v Andries*, 77 Mich App 715; 259 NW2d 203 (1977), *McCarthy v McCarthy*, 74 Mich App 105; 253 NW2d 672 (1977). As we read the record, the court denied the motion to modify because the plaintiff could not carry his burden of proof— hence, the court was powerless to grant him the relief he requested, a modification of the child support payments for his two minor children. MCL 552.17, 722.27; MSA 25.97, 25.312(7).

In the present case, plaintiff did not attend the hearing. The trial judge inquired about the circumstances relating to the motion. Plaintiff's attorney explained that plaintiff was currently un-

employed and living in Nevada. He submitted a letter from plaintiff's father stating that he had terminated his son's employment. No other evidence was offered which would warrant modification. The court is not obliged to reduce child support payments solely for the reason that there has been a reduction in plaintiff's income. *All* relevant factors must be considered. Without the plaintiff present to provide this information, the court could do no more than decide the motion on the information supplied by the petitioner.

While it is clear that the court did state that it would not grant an evidentiary hearing unless the plaintiff appeared to testify and the arrearage was paid, this was not the basis for the denial of the motion to modify. The motion failed because of the absence of sufficient proof and the failure of the plaintiff to provide an evidentiary record that would support altering the support provisions.

Had the plaintiff been present (and he was not) and had the issue of arrearages also been before the court (and it was not) the court could not have required payment of said arrearages without first establishing at an evidentiary hearing that the plaintiff had the capacity to pay. The fact that the judge indicated that he would do otherwise at such a hearing is not a basis for reversing the decision properly made on the motion to modify which was before him.

Plaintiff's second contention of error is that the trial court erroneously adopted the friend of the court's recommendation as conclusive evidence on the matter of child support.

Again, while it is clear that the judge, at the close of the proceedings, indicated that he was adopting the recommendation of the friend of the court, the court did so only after it had questioned

plaintiff's attorney and concluded that plaintiff could not carry his burden of proof by establishing a sufficient change in circumstances.

Where, as here, the record indicates that the court did not rely on the report in reaching its decision, there is no violation of MCL 552.253; MSA 25.173, which disallows the admission of the friend of the court's report unless both parties agree. *Krachun v Krachun,* 355 Mich 167; 93 NW2d 855 (1959), *McCarthy, supra.* The record clearly supports the fact that the court arrived at its own conclusions based on the questions posed to plaintiff's attorney and the fact that a satisfactory evidentiary record could not be developed in the absence of the plaintiff.

Finally, plaintiff claims that the trial court erred by invoking the contempt statute. The record does not support plaintiff's claim.

At the time of hearing on the motion to modify, plaintiff had not been found in contempt for nonpayment of support, because, pursuant to the order to show cause, he was not to appear before the court until May 30, 1980, one week following the modification hearing. While the Court of Appeals was advised by counsel, at the time of oral arguments, that plaintiff did not appear at that order to show cause hearing and an attachment was issued for his arrest, the contempt proceedings are not properly within the purview of this claim of appeal. There was no determination on the order to show cause by the trial judge at the modification hearing on May 23, 1980, and there is no evidentiary record for our review. *McNames v McNames,* 93 Mich App 477, 482; 286 NW2d 892 (1979).

Affirmed.

M. J. KELLY, J. *(dissenting).* I respectfully dis-

sent. The lower court's order denying plaintiff's petition should not have been entered without a hearing to examine and make findings of fact on the evidence presented by the plaintiff in support of the requested modification.

A trial court is statutorily empowered to modify previously entered child support orders upon a properly filed petition by either parent or the friend of the court. MCL 552.17; MSA 25.97. The decision on such a petition has been held to be within the court's discretion. *Spalding v Spalding,* 355 Mich 382; 94 NW2d 810 (1959). Further, it is the petitioning party's burden to present evidence "establishing a change in circumstances that would justify an alteration of the divorce judgment" provisions as to child support. *McCarthy v McCarthy,* 74 Mich App 105, 108; 253 NW2d 672 (1977), citing *Hentz v Hentz,* 371 Mich 355; 123 NW2d 757 (1963), and *Cymbal v Cymbal,* 43 Mich App 566; 204 NW2d 235 (1972). It is difficult to conceive how a petitioning party could establish the requisite change of circumstances without some formal hearing at which evidence is presented and from which findings of fact can be made. The fact that the instant petition was denied does not, in my view, make the hearing requirement moot.

The instant case is very like *McCarthy, supra,* 109, in which this Court indicated the necessity of a premodification hearing:

"The order was made without a hearing and there was no agreement expressed or implied to allow the court to utilize solely the Friend of the Court's recommendation. *Krachun v Krachun,* [355 Mich 167; 93 NW2d 885 (1959)], *Stros v Stros,* [25 Mich App 154; 181 NW2d 26 (1970)]. Additionally, the recommendation was based totally upon the fact of defendant's increase

in salary. All relevant factors are to be considered in determining whether there has been a sufficient change in circumstances. *Cymbal, supra, Stros, supra.* The isolated consideration of income is error. *Cymbal, supra.*"

Thus, prior to its decision on a petition to modify child support the court must hold an evidentiary hearing of its own or, when both parties agree, adopt the factual predicate in the friend of the court's report. See *Krachun, supra,* 169, in which the Supreme Court stated:

"Such a report is authorized by statute for the consideration of the circuit judge. CL 1948, § 552.253 (Stat Ann 1957 Rev § 25.173); *Metzinger v Metzinger,* 310 Mich 335 [; 17 NW2d 203 (1945)]. It is not generally admissible in evidence. *Brugel v Hildebrant,* [332 Mich 475; 52 NW2d 190 (1952)]. It may, however, *by agreement of all parties* be accepted in evidence as constituting an agreed statement of facts or record of testimony. *Bowler v Bowler,* 351 Mich 398 [; 88 NW2d 505 (1958)]." (Emphasis in original.)

The trial court in this case perfunctorily denied counsel for the plaintiff's request for "a full hearing before this matter is finalized". In light of the above-noted hearing requirements, I would set aside the lower court's order denying plaintiff's petition and remand the case for a hearing on its merits.